IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ENERGIZER BRANDS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 4:16-cv-00223 |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| THE PROCTER & GAMBLE | ) | |
| COMPANY, THE GILLETTE | ) | |
| COMPANY, and DURACELL U.S. | ) | |
| OPERATIONS, INC. | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

Plaintiff Energizer Brands, LLC ("Energizer") states the following for its Complaint against Defendants The Procter & Gamble Company ("P&G"), The Gillette Company ("Gillette"), and Duracell U.S. Operations, Inc. ("Duracell") (collectively, together with their predecessors-in-interest, defendants are referred to as "Duracell" unless otherwise indicated):

## NATURE OF THE ACTION

1.      For more than twenty-five years, Energizer[1]—one of the nation's leading sellers of household batteries—has used an iconic design trademark consisting of a pink toy bunny banging on a drum (the "Energizer Bunny Trademark"), one form of which, depicted below, is covered by an incontestable federal trademark registration:



---

[1] "Energizer" refers to Plaintiff Energizer Brands, LLC and its predecessors-in-interest.

2.      The Energizer Bunny Trademark consistently has been a central figure in Energizer's advertising and promotional efforts, and a critical, tangible element of the ENERGIZER brand. Energizer has widely used the Energizer Bunny Trademark on its battery packaging, current examples of which appear below:

  

3.      Duracell, which is owned by P&G, sells household batteries in direct competition with Energizer. In certain areas outside of the United States, Duracell uses a design mark consisting of a pink toy bunny, both with and without a drum, as depicted below (the "Duracell Bunny"):

 

Duracell has no trademark rights in the Duracell Bunny in the United States, and the mark is not covered by any valid federal trademark registration in the United States. In 1992, Energizer and Duracell entered into an Agreement governing the parties' use of their respective bunny trademarks in the United States ("Agreement"), the terms of which are confidential.

4.      Notwithstanding the Agreement and Energizer's federally-registered trademark rights in the Energizer Bunny Trademark, Energizer recently discovered batteries for sale at numerous brick-and-mortar and online retail outlets in the United States with the Duracell Bunny on the packaging, as depicted below (the "Unlawful Packaging"):






5.      Duracell's use of the Duracell Bunny on packaging distributed, offered for sale, and sold in the United States breaches the Agreement and is likely to cause confusion among purchasers and customers as to the source, origin or sponsorship of Duracell's products.  In particular, the public is likely mistakenly to believe Duracell's products originate from or are affiliated, connected, or associated with Energizer or the Energizer Bunny Trademark.

6.      Duracell's motivation for knowingly violating Energizer's rights and misleading the public is reflected in its long history of unfair competition and deceptive trade practices. By

way of example, Judge Sprizzo of the United States District Court for the Southern District of New York, issuing an injunction against P&G, cited a *Wall Street Journal* interview in which P&G's then-CEO (and now Executive Chairman), Alan Lafley, suggested that "to P&G, an advantage in the market is worth a loss in the courtroom." That same *Wall Street Journal* interview also quoted Mr. Lafley as stating that "[w]e have a philosophy and a strategy. When times are tough, you build share." *See* **Exhibit 1**.

7.     Energizer brings this action at law and in equity for breach of contract and for direct and contributory trademark infringement under Section 32 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114; direct and contributory unfair competition, false representations, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); direct and contributory trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); trademark infringement and unfair competition in violation of Missouri common law; and likely trademark dilution in violation of Mo. Rev. Stat. § 417.061. Energizer seeks a permanent injunction against Duracell's use of the Duracell Bunny and any other designation confusingly similar to the Energizer Bunny Trademark or likely to dilute the distinctiveness of the Energizer Bunny Trademark. Energizer also seeks monetary damages for breach of contract, damages resulting from Duracell's commercial activities, an accounting of Duracell's profits from such commercial activities, Energizer's attorneys' fees and costs, and punitive damages.

## THE PARTIES

8.　　　Plaintiff Energizer Brands, LLC is a Delaware limited liability company with a principal place of business at 533 Maryville University Drive, St. Louis, Missouri, 63141.

9.　　　Defendant The Procter & Gamble Company is an Ohio corporation with a principal place of business at 1 Procter & Gamble Plaza, Cincinnati, Ohio 45202.

10.　　　Defendant The Gillette Company is a Delaware corporation with a principal place of business at One Gillette Park, Boston, Massachusetts 02127.

11.　　　Defendant Duracell U.S. Operations, Inc. is a Delaware corporation with a principal place of business at 1209 Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

12.　　　This court has subject-matter jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338.  This Court has supplemental jurisdiction over Energizer's related state law claims pursuant to 28 U.S.C. §§ 1332, 1338 and 1367.

13.　　　This Court has personal jurisdiction over the Parties because Duracell and certain of its affiliated entities entered into the Agreement with Eveready Battery Company, Inc. in Missouri, which was a predecessor in interest to Energizer.[2]  Further, Duracell regularly transacts and conducts substantial business within the State of Missouri, and has otherwise made or established contacts within this State sufficient to permit the exercise of personal jurisdiction. Among other things, Duracell has, either directly or through others under its control, marketed, advertised, distributed, offered for sale, and/or sold batteries in the Unlawful Packaging to the public in this judicial district and in the State of Missouri and Duracell is causing, and is likely to continue to cause, confusion amongst the relevant public and consumers.

---

[2] The Agreement was between Energizer's predecessor, Eveready Battery Company, Inc., on the one hand, and Duracell Inc., Duraname Corp., and Duracell International Inc., on the other hand.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Energizer's claims occurred in this judicial district, and /or Duracell is subject to personal jurisdiction in this judicial district. Moreover, Energizer is being harmed and damaged in this district by Duracell's conduct.

15.     This Court has jurisdiction to enter injunctive relief, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

## FACTS COMMON TO ALL CLAIMS

### A.     The Famous Energizer Bunny Trademark

16.     Since at least as early as 1989, Energizer has continuously used, and presently uses, the Energizer Bunny Trademark in interstate commerce throughout the United States in connection with the advertising, promotion, distribution, and sale of batteries.

17.     Energizer is the owner of a federal trademark registration, No. 2028373, issued by the United States Patent and Trademark Office (the "USPTO") on January 7, 1997, for the Energizer Bunny Trademark, as depicted below, for "batteries":



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable and is conclusive evidence of Energizer's rights

to the mark covered by the registration under Section 33(b) of the Lanham Act, 15 U.S.C. §

1115(b).  A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

18.      Energizer is the owner of a federal trademark registration, No. 4654043, issued by

the USPTO on December 9, 2014, for the Energizer Bunny Trademark, as depicted below, for

"batteries":



A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

19.      Energizer has devoted enormous resources to the marketing, advertising, and

promotion of batteries sold in connection with the Energizer Bunny Trademark.  Over the last

five years alone, Energizer has spent more than $300 million promoting ENERGIZER products

in the United States, and the vast majority of that advertising, marketing, and promotional

material depicts or refers to the Energizer Bunny Trademark.

20.      The Energizer Bunny Trademark has been recognized as one of the top 10 brand

icons of the 20th century by *Advertising Age* (March 29, 1999), and unsolicited media coverage

has referred to "the highly successful Energizer Bunny commercials" (*Miami Herald*, May 10,

1993), "Energizer, famous for its unstoppable bunny" (*St. Louis Post-Dispatch*, July 14, 2007),

and "[t]he iconic Energizer Bunny" (*Adweek*, October 28, 2015).  The Energizer Bunny also has

been featured in books such as *America's Greatest Brands: An Insight into 80 of America's*

*Strongest Brands Volume 1* (2001), as well as *The 100 Best TV Commercials . . . and Why They Worked* (June 7, 1999), in which he earned a spot on the cover:



21.     The Energizer Bunny Trademark has been at the forefront of many ENERGIZER advertisements since its original debut in 1989, having appeared in national campaigns in a variety of contexts over the years, including—as depicted below—facing the Star Wars "dark side" in 1994, voyaging into space in 2008, and introducing the world's first AA batteries made with 4% recycled batteries in 2015:



22.     The Energizer Bunny Trademark has played a central role in various Energizer promotions, including appearances at the Great Forest Park Balloon Race in St. Louis (as the Energizer Bunny Hot "Hare" Balloon) and the 2009 Macy's Thanksgiving Day Parade® (where he escaped the parade route to "keep going and going"), kicking off the ENERGIZER Night Race for a Brighter World event in 2011, and appearing in social media pages dedicated to the Energizer Bunny Trademark, such as on Facebook (365,359 likes) and Twitter (8,587 followers).

23.     For many years, the Energizer Bunny Trademark has continuously appeared on packaging, advertising, and marketing materials for ENERGIZER brand batteries in the United States, examples of which appear below:

  

24.     In the last five years alone, Energizer has sold more than 4 billion units of ENERGIZER batteries, the vast majority of which have been sold in packaging, on displays or with other materials depicting or referring to the Energizer Bunny Trademark.

25.     As a result of Energizer's long and continuous use of the Energizer Bunny Trademark in connection with its products, and as a consequence of Energizer's extensive advertising, promotion, distribution, and sale of products under its Energizer Bunny Trademark, the relevant and consuming public has come to recognize the Energizer Bunny Trademark as originating from and used by Energizer, and to associate and identify the goods and services offered and sold under the Energizer Bunny Trademark exclusively with Energizer. Energizer consequently derives an invaluable goodwill from this recognition, association, and identification by the consuming public and the trade.

26.     Because of the high degree of inherent and acquired distinctiveness of the Energizer Bunny Trademark, the length of time and extent to which Energizer has used the Energizer Bunny Trademark, the vast advertising and publicity of which the Energizer Bunny

Trademark has been the subject, the substantial trading area in which the Energizer Bunny Trademark has been and is used, and the high degree of consumer recognition of the Energizer Bunny Trademark, the Energizer Bunny Trademark was a well-known and famous trademark widely recognized by the general consuming public of the United States as a designation of source of Energizer's goods and deserving of a broad scope of legal protection prior to Duracell's unlawful use of the Duracell Bunny on the Unlawful Packaging and it remains so today.

### B.    The Agreement

27.      In September of 1989—the year the Energizer Bunny Trademark was introduced in the United States—Energizer filed U.S. Trademark Application Serial No. 73/824,785 to register the trademark on the Principal Register of the USPTO.

28.      Over a year later, on December 19, 1990, Duracell filed U.S. Trademark Application Serial No. 74/124,602 to register a Duracell Bunny mark with the USPTO.

29.      To resolve the parties' dispute with regard to these conflicting trademarks and applications, the parties entered into the Agreement on January 10, 1992.  The specific terms of the Agreement are subject to a confidentiality provision, but in general terms the Agreement restricts and limits use of the Duracell Bunny in the United States.

### C.    Duracell's Unlawful Conduct

30.      Notwithstanding the Agreement and Energizer's exclusive and superior rights in, to and under the Energizer Bunny Trademark in the United States, Duracell batteries with the Duracell Bunny on packaging are being distributed, offered for sale, and sold in the United States through various retail outlets.

31.     In the second half of 2015, batteries in the Unlawful Packaging were offered for sale at a Phillips 66® service station in Limon, Colorado, as depicted below:



and at a Menards® location in Ballwin, Missouri, as depicted below:



32.     In early 2016, batteries in the Unlawful Packaging were offered for sale at another Menards® location in Jefferson City, Missouri, as depicted below:



and at a Pat Catan's® location in North Ridgeville, Ohio, as depicted below:

 

33.    In addition, Duracell batteries in the Unlawful Packaging also are available for purchase online through the websites of numerous United States-based retail outlets, including but not limited to those shown below:

a.  Brooklyn Battery Works in Brooklyn, New York

(www.BrooklynBatteryWorks.com), as depicted below:



b.  BatteriesInAFlash.com in North Las Vegas, Nevada, as depicted below:



13

c.  OpticsPlanet, Inc. (www.opticsplanet.com) in Northbrook, Illinois, as depicted

below:



d.  Four Seasons General Merchandise (www.4sgm.com) in Los Angeles, California,

as depicted below:



14

34.     Upon information and belief, Duracell's use the Duracell Bunny on the Unlawful Packaging is not confined to the specific instances in the foregoing paragraphs about which Energizer has become aware, and instead extends to a broader geographic reach across the United States.

35.     Duracell's use and actual knowledge of use of the Duracell Bunny on packaging for batteries distributed and sold in the United States over which Duracell has the right to exercise control violates the Agreement, and is without authorization or permission from Energizer.

36.     Upon information and belief, Duracell knowingly, willfully, intentionally, and maliciously made and continues to make prominent use of the Duracell Bunny on packaging in the United States, and has actual knowledge of such use over which Duracell has the right to exercise control, to exploit the commercial magnetism of the Energizer Bunny Trademark and falsely suggest Duracell's products are made, sponsored, or endorsed by Energizer.

37.     Upon information and belief, the manufacture, distribution, offer for sale, and sale of batteries in the Unlawful Packaging in the United States are being conducted by Duracell or by one or more third parties that Duracell directly or indirectly controls or over which Duracell has the ability to exercise control.  For example, upon information and belief, Duracell requires its affiliates, licensees, distributors, vendors, or other third parties working in concert with Duracell ("Duracell's Affiliates") to agree not to violate the intellectual property rights of others and to accept responsibility in holding their suppliers and subcontractors accountable for intellectual property violations.  Upon learning of Duracell's Unlawful Packaging, Energizer contacted Duracell and demanded it cease all use of a bunny on packaging in the United States.  Despite having actual notice from Energizer, as well as – on information and belief –actual

notice based on the knowledge of its employees seeing the product, or information from retailer data or other sources, Duracell has not taken meaningful steps to curtail distribution, offers for sale, or sale of batteries in the Unlawful Packaging in the United States.  Indeed, the number and size of retailers carrying batteries in the Unlawful Packaging is believed to have increased since Energizer first gave Duracell notice of its breach and infringement.

38.     Duracell's actions are causing confusion in the marketplace, irreparable harm to Energizer and the public, and will continue to injure Energizer and the public unless enjoined by the Court.  Duracell's wrongful acts have harmed, and will continue to harm, the goodwill associated with the Energizer Bunny Trademark, and result in injury that cannot readily be quantified or recaptured.  Accordingly, Energizer and the public have a strong interest in permanently stopping Duracell's conduct.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

39.     Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

40.     Energizer and Duracell are parties to the Agreement, which is valid, binding, and was supported by adequate consideration.

41.     Duracell's activities as described in this Complaint constitute a material breach of the Agreement.  Specifically, Duracell has manufactured, distributed, offered for sale, or sold, and/or permitted, authorized, and/or directed one or more third parties over whom it may exercise control to manufacture, distribute, offer for sale, or sell, batteries in the United States in packaging bearing the Duracell Bunny.

42.     Duracell's breach of its contractual obligations has damaged Energizer, and Duracell's ongoing breach of the Agreement is inflicting irreparable harm on Energizer.

16

**SECOND CLAIM FOR RELIEF**
**(Federal Trademark Infringement under 15 U.S.C. § 1114)**

43.     Energizer repeats and incorporates by reference the allegations in the preceding

paragraphs of this Complaint.

44.     Duracell's unauthorized use in commerce of the Duracell Bunny in the United

States is causing and likely to continue to cause confusion, or to cause mistake, or to deceive

purchasers and customers as to the source, origin or sponsorship of Duracell's products.  The

trade and consuming public believe and are likely to believe Duracell's products originate from

Energizer or from the same source of origin as products bearing the Energizer Bunny Trademark,

and/or that there is some affiliation, connection, or association between the makers of

ENERGIZER products, on the one hand, and Duracell, on the other, when such is not the case.

45.     Duracell has infringed, and is infringing, the federally registered Energizer Bunny

Trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

46.     As a direct and proximate result of Duracell's unlawful conduct, Energizer has

suffered, and will continue to suffer unless and until such activity is enjoined by this Court,

irreparable damage and inherently unquantifiable injury and harm to its business, reputation and

customer goodwill.

47.     Duracell's conduct is causing, and is likely to continue to cause, injury to the

public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's

actual damages and/or an award of Duracell's profits, costs, and reasonable attorneys' fees under

15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled

pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF
### (Contributory Federal Trademark Infringement under 15 U.S.C. § 1114)

48.      Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

49.      Upon information and belief, Duracell's Affiliates are infringing the Energizer Bunny Trademark by selling batteries in the Unlawful Packaging.

50.      Duracell, on information and belief, supplies its products to Duracell's Affiliates, which Duracell knows or has reason to know are engaged in the distribution and sale of batteries in the Unlawful Packaging in the United States, and Duracell has continued to supply such products despite this knowledge.

51.      Duracell knowingly and materially assists in or contributes to the distribution, advertising, offer for sale, or sale of batteries in the Unlawful Packaging in the United States, including, among other things, by not removing Unlawful Packing of which it becomes aware.

52.      Duracell is contributorily liable for the infringing acts of Duracell's Affiliates.

53.      Duracell's contributory infringement of Energizer's federally-registered Energizer Bunny Trademark is willful, intended to reap the benefit of the goodwill of Energizer, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

54.      As a direct and proximate result of Duracell's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

55.      Duracell's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Duracell's profits, costs, and reasonable attorneys' fees under

18

15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled

pursuant to 15 U.S.C. § 1117(a).

**FOURTH CLAIM FOR RELIEF**
**(Federal Unfair Competition, False Representation, and**
**False Designation of Origin under 15 U.S.C. § 1125(a))**

56.    Energizer repeats and incorporates by reference the allegations in the preceding

paragraphs of this Complaint.

57.    Duracell's unauthorized use in commerce of the Duracell Bunny in the United

States is causing and likely to continue to cause confusion, to cause mistake, or to deceive the

public as to the origin, source, sponsorship, approval or affiliation of Duracell's products.  Such

conduct therefore constitutes unfair competition, false representation, and a false designation of

origin, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.    As a direct and proximate result of Duracell's unlawful conduct, Energizer has

suffered, and will continue to suffer unless and until such activity is enjoined by this Court,

irreparable damage and inherently unquantifiable injury and harm to its business, reputation and

customer goodwill.

59.    Duracell's conduct is causing, and is likely to continue to cause, injury to the

public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's

actual damages and/or an award of Duracell's profits, costs and reasonable attorneys' fees under

15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled

pursuant to 15 U.S.C. § 1117(a).

**FIFTH CLAIM FOR RELIEF**
**(Contributory Federal Unfair Competition, False Representation, and**
**False Designation of Origin under 15 U.S.C. § 1125(a)**

60.     Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

61.     Upon information and belief, Duracell and Duracell's Affiliates are competing unfairly with Energizer.

62.     Upon information and belief, Duracell supplies its products to Duracell's Affiliates, who Duracell knows or has reason to know are engaged in the distribution and sale of batteries in the Unlawful Packaging, and Duracell has continued to supply these products despite this knowledge.

63.     Upon information and belief, Duracell knowingly and materially assists in or contributes to sales made in the United States of batteries in the Unlawful Packaging, including by not removing Unlawful Packing of which it becomes aware.

64.     Duracell is contributorily liable for the acts of Duracell's Affiliates.

65.     Duracell's contributory unfair competition, false representation, and false designation of origin is willful, intended to reap the benefit of the goodwill of Energizer, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

66.     As a direct and proximate result of Duracell's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation and customer goodwill.

67.     Duracell's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's

actual damages and/or an award of Duracell's profits, costs and reasonable attorneys' fees under

15 U.S.C. §§ 1116 and 1117.  Any such damages and/or profits awarded should be trebled

pursuant to 15 U.S.C. § 1117(a).

**SIXTH CLAIM FOR RELIEF**
**(Federal Trademark Dilution under 15 U.S.C. § 1125(c))**

68.     Energizer repeats and incorporates by reference the allegations in the preceding

paragraphs of this Complaint.

69.     The Energizer Bunny Trademark is famous under 15 U.S.C. § 1125(c)(2)(A), in

that it is widely recognized by the general consuming public of the United States as a designation

of the source of Energizer's goods and services.  The Energizer Bunny Trademark became

famous before Duracell began making unlawful use in the United States of the Duracell Bunny

on the Unlawful Packaging.

70.     Duracell's use of the Duracell Bunny in the United States is diluting and likely to

dilute the famous Energizer Bunny Trademark, in violation of Section 43(c) of the Lanham Act,

15 U.S.C. § 1125(c), by lessening its capacity to identify and distinguish Energizer exclusively

as the source of products bearing or provided under the famous Energizer Bunny Trademark.

71.     Duracell's unauthorized use of the Duracell Bunny in the United States is diluting

and likely to dilute by blurring the famous Energizer Bunny Trademark.  Upon information and

belief, Duracell willfully intended to trade on the recognition of the famous Energizer Bunny

Trademark.

72.     Duracell's trademark dilution has injured and will continue to injure Energizer in

that Energizer has suffered and will continue to suffer damage to its reputation and customer

goodwill as a direct and proximate result of Duracell's illegal conduct, unless such unlawful

conduct is enjoined by this Court.  In addition, Duracell  has been unjustly enriched by reason of

21

its acts of trademark dilution because it has obtained the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

73.     Energizer is entitled to recover all damages sustained by Duracell's actions, all profits realized by Duracell through its unlawful use of the Duracell Bunny, treble damages and/or profits, and an award of reasonable attorneys' fees and costs against Duracell.

## SEVENTH CLAIM FOR RELIEF
### (Contributory Federal Trademark Dilution under 15 U.S.C. § 1125(c)

74.     Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

75.     The Energizer Bunny Trademark is famous under 15 U.S.C. § 1125(c)(2)(A), in that it is widely recognized by the general consuming public of the United States as a designation of the source of Energizer's goods.  The Energizer Bunny Trademark became famous before Duracell and Duracell's Affiliates began making unlawful use in the United States of the Duracell Bunny on the Unlawful Packaging.

76.     Upon information and belief, use of the Duracell Bunny in the United States by Duracell and Duracell's Affiliates is likely to dilute by blurring the famous Energizer Bunny Trademark, in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by lessening its capacity to identify and distinguish Energizer exclusively as the source of products bearing or provided under the famous Energizer Bunny Trademark.

77.     Duracell supplies its products to Duracell's Affiliates, which Duracell knows or has reason to know are engaged in the distribution and sale of batteries in the Unlawful Packaging in the United States, and Duracell has continued to supply such products despite this knowledge.

78.     Upon information and belief, Duracell knowingly and materially assists in or contributes to the distribution, advertising, offer for sale, or sale of batteries in the Unlawful Packaging in the United States, including by not removing Unlawful Packaging of which it becomes, or has become, aware.

79.     Duracell is contributorily liable for the diluting acts of Duracell's Affiliates.

80.     Upon information and belief, through Duracell's contributory likely dilution of Energizer's famous Energizer Bunny Trademark, Duracell willfully intended to trade on the recognition of the famous Energizer Bunny Trademark.

81.     The likely trademark dilution by Duracell and Duracell's Affiliates has injured and will continue to injure Energizer in that Energizer has suffered and will continue to suffer damage to its reputation and customer goodwill as a direct and proximate result of the illegal conduct, unless such unlawful conduct is enjoined by this Court.  In addition, Duracell has been unjustly enriched by reason of its acts of contributory trademark dilution because it has obtained the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

82.     Energizer is entitled to recover all damages sustained by Duracell's actions, all profits realized by Duracell through its contributory likely dilution of the Duracell Bunny, treble damages and/or profits, and an award of reasonable attorneys' fees and costs against Duracell.

### EIGHTH CLAIM FOR RELIEF
**(Trademark Infringement and Unfair Competition under Missouri Common Law)**

83.     Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

84.     Energizer owns all rights, title and interests in and to the Energizer Bunny Trademark, including all common-law rights in the mark.

85.     Duracell's conduct is causing and likely to continue to cause confusion, mistake, and deception among consumers, the public and the trade as to whether Duracell's products originate from, or are affiliated with, sponsored by, or endorsed by Energizer.

86.     Duracell's conduct constitutes trademark infringement and unfair competition, in violation of Missouri common law.

87.     As a direct and proximate result of Duracell's unlawful conduct, Energizer has suffered, and will continue to suffer unless and until such activity is enjoined by this Court, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill.

88.     Duracell's conduct is causing, and is likely to continue to cause, injury to the public and to Energizer, and Energizer is entitled to injunctive relief and to recover Energizer's actual damages and/or an award of Duracell's profits, costs, and reasonable attorneys' fees.

89.     Duracell's wrongful conduct was  willful and deliberate or recklessly indifferent to the rights of Energizer, warranting the assessment of punitive damages.

### NINTH CLAIM FOR RELIEF
### (Trademark Dilution under Mo. Rev. Stat. § 417.061)

90.     Energizer repeats and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

91.     Duracell's conduct constitutes likely trademark dilution in violation of Mo. Rev. Stat. § 417.061.

92.     The Energizer Bunny Trademark is a strong and distinctive mark in use for decades and that has achieved widespread public recognition.

93.     By virtue of long and continuous use in commerce, including within the State of Missouri, the Energizer Bunny Trademark has become and continues to be famous and

24

distinctive, and was famous and distinctive before Duracell made use of the Duracell Bunny on the Unlawful Packaging.

94.     Duracell's unauthorized use of the Duracell Bunny is likely to dilute the distinctive quality of the Energizer Bunny Trademark, lessens the capacity of the Energizer Bunny Trademark to identify and distinguish Energizer's products, and causes a likelihood of harm to Energizer's business reputation.

95.     Upon information and belief, due to Duracell's unauthorized use of the Duracell Bunny, Duracell has made and will continue to make substantial profits to which it is not entitled.

96.     Upon information and belief,  Duracell intends to continue its dilutive conduct unless restrained by this Court.

97.     Duracell's conduct is causing, and is likely to continue to cause, irreparable injury to the public and to Energizer, and Energizer is entitled to injunctive relief because Energizer has no adequate remedy at law.

**WHEREFORE,** Energizer prays the Court enter judgment in its favor and award Energizer relief as follows:

A.     That the Court permanently restrain and enjoin Duracell, and its agents, servants, employees, and other persons in active concert or participation with Duracell, including Duracell's Affiliates, from any and all further unauthorized use in the United States of the Duracell Bunny, and any other colorable imitation of the Energizer Bunny Trademark, as a trademark, trade name, or other attention-getting device or triggering mechanism, including the recall and destruction of all packaging, advertising, and promotional materials bearing the Duracell Bunny or any other colorable imitation of the Energizer Bunny Trademark;

B.        That Energizer be awarded all damages caused by the acts forming the basis of this Complaint;

C.        That Energizer recover from Duracell all amounts, including profits, received by Duracell as a direct and proximate result of Duracell's unlawful conduct;

D.        That the Court treble such damages or profits to which Energizer is entitled pursuant to 15 U.S.C. § 1117;

E.        That Energizer recover from Duracell exemplary and punitive damages, based on Duracell's willfulness and/or reckless indifference to Energizer's trademark rights;

F.        That the costs of this action be taxed against Duracell;

G.        That Duracell pay Energizer's reasonable attorneys' fees, based on Duracell's willful and deliberate conduct in this exceptional case;

H.        That Energizer be awarded prejudgment interest;

I.        That Energizer be awarded post-judgment interest;

J.        That Energizer have and receive a trial by jury on all issues so triable; and

K.        That the Court grant Energizer such other and further relief, both general and specific, as the Court may deem just and proper.

Respectfully submitted, this the 18th day of February, 2016.

                              **BRYAN CAVE LLP**

                               /s/ Herbert R. Giorgio, Jr.
                              David A. Roodman, Missouri Bar #38109
                              Herbert R. Giorgio Jr., Missouri Bar #58524
                              One Metropolitan Square
                              211 North Broadway, Suite 3600
                              St. Louis, MO 63102-2750
                              (314) 259-2417 (telephone)
                              (314) 552-8417 (facsimile)
                              daroodman@bryancave.com
                              herb.giorgio@bryancave.com

                               *Attorneys for Plaintiff Energizer Brands, LLC*


Of Counsel:

**KILPATRICK TOWNSEND & STOCKTON LLP**

William H. Brewster
Theodore H. Davis Jr.
R. Charles Henn Jr.
Jessica A. Pratt
1100 Peachtree Street N.E., Suite 2800
Atlanta, GA 30309
(404) 815-6000 (telephone)
(404) 815-6500 (facsimile)
bbrewster@ktslaw.com
tdavis@ktslaw.com
chenn@ktslaw.com
japratt@ktslaw.com

*Attorneys for Plaintiff Energizer Brands, LLC*
*Pro Hac Vice Applications Forthcoming*