UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ENERGIZER BRANDS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16-CV-223 (CEJ) |
| | ) |
| THE PROCTER & GAMBLE CO., THE | ) |
| GILLETTE CO., and DURACELL U.S. | ) |
| OPERATIONS, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendants' motion to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has filed a response in opposition, and the issues are fully briefed.

**I.  Allegations in the Complaint**

Plaintiff Energizer Brands, LLC, is the owner of two federally registered trademarks[1] for batteries, consisting of a pink toy bunny banging on a drum bearing the word "Energizer" (the "Energizer Bunny). Doc. #1 ¶¶17-18. Defendants Duracell U.S. Operations, Inc. (Duracell), The Procter & Gamble Company (P&G), and The Gillette Company (Gillette) also use a design mark for batteries that consists of a pink toy bunny, both with and without a drum (the "Duracell Bunny"). Defendants do not have trademark rights in the Duracell Bunny in the United States and the mark is not a registered trademark. Id. ¶3.

---

[1] The trademarks were issued on January 7, 1997, and December 9, 2014.

In 1992, the parties entered into an agreement that restricts and limits the use of the Duracell Bunny in the United States.[2] Id. ¶29. In 2015 and 2016, packages of batteries displaying the Duracell Bunny (the "unlawful packaging") have been found for sale at brick-and-mortar retail outlets in Missouri and other states. Id. ¶¶4, 30-32. In addition, retail outlets based in the United States offer the batteries for sale on their websites. Id. ¶33. Plaintiff contacted defendant Duracell and demanded that it cease all use of a bunny on packaging in the United States; however, defendants have not taken meaningful steps to curtail distribution, offers for sale, or sale of batteries in the unlawful packaging in the United States. Id. ¶37.

Plaintiff alleges that defendants' actions are creating confusion in the marketplace and causing irreparable harm to plaintiff and the public. Id. ¶38. Plaintiff asserts claims of breach of contract (Count I); direct and contributory trademark infringement under 15 U.S.C. § 1114 (Counts II and III); direct and contributory unfair competition, false representation, and false designation of origin under 15 U.S.C. § 1125(a) (Counts IV and V); direct and contributory trademark dilution under 15 U.S.C. § 1125(c) (Counts VI and VII); trademark infringement under Missouri common law (Count VIII); and trademark dilution under Mo.Rev.Stat. § 417.061 (Count IX).

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Fed.R.Civ.P. 12(b)(6). The factual allegations of a

---

[2] The agreement was entered into by Eveready Battery Company, Inc. — Energizer's predecessor in interest — and Duracell Inc., Duraname Corp., and Duracell International, Inc. ¶13 n.2.

complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations."); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (stating that a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of its claim. Scheuer, 416 U.S. at 236. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see id. at 563 (stating that the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45–46 (1957), "has earned its retirement"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678–84 (2009) (holding that the pleading standard set forth in Twombly applies to all civil actions). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

#### A. Claims against P&G and Gillette

Defendants first argue that plaintiff has not alleged sufficient facts to hold P&G or Gillette liable. Plaintiff counters that it has sufficiently stated a claim against P&G and Gillette because the introductory paragraph of the complaint states that all three defendants are referred to collectively as "Duracell." Plaintiff argues that this "group pleading" allegation satisfies Fed.R.Civ.P. 8(a) because it provides defendants with notice of the nature of the claims against them.

3

A complaint relying on group pleading is sufficient where it sets forth allegations that would establish the basis for holding the individual defendants liable. See Cota v. U.S. Bank Nat'l Ass'n, No. 2:15-CV-486-GZS, 2016 WL 922784, at *6 (D. Me. Mar. 10, 2016) (finding group pleading against two defendants satisfied Rule 8 where allegations "*as to each defendant*" were sufficient to state a claim on which relief can be granted.") (emphasis in original; citation omitted); Vantone Grp. v. Yangpu NGT Indus., No. 13-CV-7639, 2015 WL 4040882, at **2, 4 (S.D.N.Y. July 2, 2015) (finding no violation of Rule 8 where plaintiff alleged that defendants were alter egos and engaged in joint action); Hudak v. Berkley Grp., Inc., No. 3:13-CV-00089-WWE, 2014 WL 354676, at **1, 4 (D. Conn. Jan. 23, 2014) (finding no improper "lumping" of defendants where plaintiff alleged they "work in concert to sell timeshare properties"); Sprint Nextel Corp. v. Simple Cell, Inc., No. CIV. CCB-13-617, 2013 WL 3776933, at *2 (D. Md. July 17, 2013) (finding it appropriate to group defendants together where plaintiff alleged the existence of a scheme in which all defendants participated); In re Polaroid ERISA Litig., 362 F. Supp. 2d 461, 470 (S.D.N.Y. 2005) (finding Rule 8 satisfied where complaint separately alleged each defendant was a plan fiduciary that exercised discretionary authority regarding the plan).

In contrast to the above-cited cases, plaintiff alleges only that P&G owns Duracell U.S. Operations, Inc., and that Gillette is a Delaware corporation with its principal place of business in Massachusetts. ¶¶3, 10. Plaintiff does not allege that P&G and Gillette are involved in the marketing or sale of batteries or that they are parties to the 1992 agreement; indeed, plaintiff alleges no facts connecting Gillette with Duracell or P&G. See City of Miami v. JPMorgan Chase & Co., No. 1:14-CV-

22205-WPD, 2016 WL 1621632, at *3 (S.D. Fla. Mar. 18, 2016) (dismissing complaint that made undifferentiated allegations against composite entity consisting of parent holding company, two affiliates, and nine predecessor companies); Specht v. Google, Inc., 660 F. Supp. 2d 858, 865 (N.D. Ill. 2009) (dismissing infringement claims against 48 corporate defendants where complaint treated the "defendants (other than Google) as a collective whole" without identifying specific acts of infringement by any single defendant); cf. Rysewyk v. Sears Holdings Corp., No. 15 CV 4519, 2015 WL 9259886, at *7 (N.D. Ill. Dec. 18, 2015) (allowing product liability claims against parent corporation because complaint alleged it sold the products).

Plaintiff's claims against P&G and Gillette do not satisfy Rule 8 and will be dismissed without prejudice. See Joseph v. Bernstein, No. 13-24355-CIV, 2014 WL 4101392, at *6 (S.D. Fla. Aug. 19, 2014) (finding Rule 8 violation where allegations indiscriminately lump all defendants together).

### B. Claims against Duracell

#### (1) Breach of contract and direct infringement

The parties agree that, in order to prevail on its claims for direct infringement[3] and breach of contract,[4] plaintiff is required to show that defendant Duracell used the Duracell Bunny in commerce in the United States and Missouri. 18 U.S.C. §§ 1114(1)(a), 1125(a), 1125(c); see also Sensient Techs. Corp. v.

---

[3] Counts II, IV, VI, VIII, and IX.
[4] Asserting that the terms of the parties' agreement are confidential, plaintiff did not attach a copy of the agreement to its complaint or cite specific provisions it claims are breached by defendant's alleged conduct. Instead, plaintiff relies on an allegation that "in general terms" the agreement "restricts and limits use of the Duracell Bunny in the United States." ¶29. The Court agrees with defendant that the lack of the contract and its terms is "problematic." See Doc. 32 at 3. However, defendant does not argue that the absence of the contract is a sufficient reason for dismissing plaintiff's claim.

SensoryEffects Flavor Co., 636 F. Supp. 2d 891, 898 (E.D. Mo. 2009) (claims pursuant to Missouri law "substantially overlap" with the Lanham Act). Defendant does not dispute that the Duracell Bunny packaging has appeared for sale in the United States. It argues, however, that plaintiff fails to plead sufficient facts to support an inference that it is responsible for the presence of the infringing mark in the United States.

Plaintiff alleges that defendant "either directly or through others under its control, . . . offered for sale, and/or sold batteries in the Unlawful Packaging" in the United States in violation of the parties' agreement. ¶13. Defendant "offered for sale, or sold" batteries in the infringing packaging in the United States. ¶41. Plaintiff alleges, "upon information and belief," that defendant "knowingly, willfully, intentionally, and maliciously" makes "prominent use" of the Duracell Bunny on packaging in the United States, and has "actual knowledge of such use over which Duracell has the right to exercise control." ¶36. Plaintiff further alleges, "upon information and belief," that sales of the unlawful packaging "are being conducted by Duracell or by . . . third parties that Duracell directly or indirectly controls or over which Duracell has the ability to exercise control." ¶37.

Defendant argues that the above allegations amount to no more than "unsupported formulaic conclusion, pled upon information and belief." Doc. #30 at 7. "The Twombly plausibility standard . . . does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are peculiarly within the possession and control of the defendant." Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir. 2010) (citations omitted); see also Van Stelton v. Van Stelton, No. C11-4045-MWB, 2013 WL 3776813, at *10 (N.D. Iowa July 17, 2013) (listing

6

cases finding that pleadings based "on information and belief" are sufficient to state a claim). Here, information regarding the distribution and sale of batteries in the infringing packaging is peculiarly within defendant's possession and control. In this circumstance, plaintiff's reliance on facts pled on information and belief does not merit dismissal of its claims.

Duracell asserts that there are innumerable ways for batteries lawfully sold outside the United States to make their way to retailers here. Duracell also states that it does not want the infringing products to enter the United States because they are lower priced and the Duracell Bunny is incompatible with its branding strategy in the United States. Defendant contends that plaintiff's sole motivation for bringing this action is to force a renegotiation of the 1992 agreement. Defendant will have the opportunity to present evidence to support these assertions, but they do not provide a proper basis for dismissing the complaint.

Plaintiff sufficiently alleges that defendant Duracell uses the infringing products in the United States within the meaning of the Lanham Act, and supports those allegations with evidence that the products have been found here. The complaint provides fair notice of what plaintiff's claims are and the grounds upon which they rest. Fed.R.Civ.P. 8(a). Duracell's motion to dismiss the breach of contract and direct liability claims will be denied.

### (2) Contributory liability

In Counts III, V, and VII, plaintiff seeks to hold defendant liable for the acts of others who distribute and sell batteries bearing the Duracell Bunny in the United States. "[A] manufacturer or distributor [who] [1] intentionally induces another to infringe a trademark, or . . . [2] continues to supply its product to one whom it

7

knows or has reason to know is engaging in trademark infringement . . . is contributorily responsible for any harm done as a result of the deceit." Inwood Laboratories, Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 853-54 (1982). Under this doctrine, a defendant is liable for infringement of plaintiff's registered mark if defendant knowingly "supplied the ammunition" that allowed the wrongful user to complete the infringement. Power Test Petroleum Distributors, Inc. v. Manhattan & Queens Fuel Corp., 556 F. Supp. 392, 394 (E.D.N.Y. 1982) (citing Stix Prods., Inc. v. United Merchants & Mfrs., Inc., 295 F. Supp. 479, 496 (S.D.N.Y. 1968)).

Plaintiff alleges that Duracell continues to supply products in the unlawful packaging to its "Affiliates"[5] despite knowing or having reason to know they are selling the products in the United States in violation of plaintiff's trademark. ¶¶49-50, 61-62,77. Plaintiff also alleges that defendant received actual notice of sales of batteries in the unlawful packaging but has not taken meaningful steps to curtail the sale of infringing batteries. ¶37. Defendant "knowingly and materially assists in or contributes to the distribution, advertising, offer for sale, or sale of batteries in the Unlawful Packaging in the United States, including, among other things, by not removing Unlawful Packing of which it becomes aware." ¶¶ 51, 63, 78. Finally, "the number and size of retailers carrying batteries in the Unlawful Packaging is believed to have increased since Energizer first gave Duracell notice of its breach and infringement." ¶37.

Defendant argues that plaintiff's claims for contributory liability must be dismissed because plaintiff does not allege that it supplied the products to a

---

[5] Defined as "affiliates, licensees, distributors, vendors, or other third parties working in concert with Duracell." ¶37. Plaintiff alleges that defendant has some degree of control over these affiliates because it requires them "to agree not to violate the intellectual property rights of others." Id.

"specifically identified direct infringer." Doc. #32 at 5 (citing Rosetta Stone Ltd. v. Google, Inc., 676 F.3d 144, 163 (4th Cir. 2012)). Plaintiff identifies the direct infringers as defendant's "affiliates." ¶¶37, 50, 62, 77. The identities of these affiliates is information peculiarly within defendant's possession and control. The Court finds that plaintiff has sufficiently alleged claims for contributory trademark infringement against defendant Duracell.

Duracell argues incorrectly that contributory dilution has not been recognized as a cause of action. "[I]t appears that the claim [of contributory dilution] has been generally recognized by those courts who have addressed it." Coach, Inc. v. Swap Shop, Inc., 916 F. Supp. 2d 1271, 1280 (S.D. Fla. 2012). "[T]he contributory dilution jurisprudence shows [that] one claim . . . survived summary judgment, one claim . . . went to the factfinder, and *no* appellate decision [has] reject[ed] the existence of such a cause of action." Coach, Inc. v. Gata Corp., No. 10-CV-141-LM, 2011 WL 1582954, at *5 (D.N.H. Apr. 26, 2011) (citations omitted) (emphasis in original). See also Delta Sigma Theta Sorority, Inc. v. Bivins, No. 2:14-CV-147-FTM-38, 2014 WL 7273913, at *11 (M.D. Fla. Dec. 19, 2014) ("plaintiff has met the pleading requirements for the . . . contributory trademark dilution . . . counts"); Coach, Inc. v. Sapatis, 994 F. Supp. 2d 192, 201 (D.N.H. 2014) (recognizing cause of action); Coach, Inc. v. Farmers Mkt. & Auction, 881 F. Supp. 2d 695, 705 (D. Md. 2012) ("several federal district court rulings suggesting that contributory trademark dilution comports with the policy concerns underlying the Trademark Dilution Act"). Defendant's motion to dismiss Count VII will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion to dismiss [Doc. #29] is **granted as to defendants The Procter & Gamble Company and denied as to defendant Duracell U.S. Operations, Inc.**

An order of partial dismissal order will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of May, 2016.