IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| ENERGIZER BRANDS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case: 4:16-cv-00223-CEJ |
| | ) | |
| DURACELL U.S. OPERATIONS, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ENERGIZER BRANDS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM**

Plaintiff/Counterclaim-Defendant Energizer Brands, LLC ("Energizer"), by and through their undersigned counsel, hereby answers the counterclaim (the "Counterclaim") asserted by Defendant/Counterclaim-Plaintiff Duracell U.S. Operations, Inc. ("Duracell") in its "Answer and Counterclaim" (ECF No. 38) as follows:

**GENERAL ALLEGATIONS**

1. Energizer admits the allegations in Paragraph 1 of the Counterclaim.

2. Energizer admits the allegations in Paragraph 2 of the Counterclaim.

3. Energizer admits the allegations in Paragraph 3 of the Counterclaim.

4. Energizer admits the allegations in Paragraph 4 of the Counterclaim.

5. Energizer admits the allegations in Paragraph 5 of the Counterclaim.

6. Energizer admits that the parties' predecessors-in-interest entered into three agreements, two dated January 10, 1992, and one dated November 14, 1995, governing the parties' use of their respective bunny trademarks in the United States and throughout the world and that the terms of the agreements are subject to confidentiality provisions. Energizer further

1

admits that it agreed not to challenge Duracell's use of its bunny trademark in certain jurisdictions provided that Duracell complied with the use restrictions set forth in the agreements. Energizer denies the remaining allegations in Paragraph 6.

7. Energizer denies the allegations in Paragraph 7 of the Counterclaim.

8. Energizer admits that it has filed the lawsuit in this case. Energizer denies the remaining allegations in Paragraph 8 of the Counterclaim.

9. Energizer admits that it seeks to hold Duracell liable for its conduct that violates the various agreements. Energizer denies the remaining allegations in Paragraph 9 of the Counterclaim.

10. Energizer denies the allegations in Paragraph 10 of the Counterclaim.

11. Energizer denies the allegations in Paragraph 11 of the Counterclaim.

12. Energizer denies the allegations in Paragraph 12 of the Counterclaim.

13. Energizer denies the allegations in Paragraph 13 of the Counterclaim.

## FIRST CLAIM FOR RELIEF
**(Breach of Contract)**

14. In response to Paragraph 14, Energizer incorporates its answers to Paragraphs 1-13 of the Counterclaim and incorporates and restates the facts alleged in the Complaint.

15. Energizer admits that the three agreements entered into by the parties' predecessors-in-interest were binding contracts. Energizer denies the remaining allegations in Paragraph 15.

16. Energizer denies the allegations in Paragraph 16 of the Counterclaim.

17. Energizer denies the allegations in Paragraph 17 of the Counterclaim.

18. Energizer denies the allegations in Paragraph 18 of the Counterclaim.

**WHEREFORE**, Energizer denies that Duracell is entitled to any relief on any claim asserted in the Counterclaim and expressly denies that Duracell is entitled to any of the relief sought in subparts (A) through (G) in its prayer for relief.

Further responding, Energizer denies each and every allegation not expressly admitted. Energizer further prays that judgment should be entered for Energizer on all claims asserted in Duracell's Counterclaim, and requests that judgment be entered against Duracell and for Energizer and that Energizer be awarded its attorneys' fees and costs and such other and further relief as the Court deems just and appropriate under the circumstances.

## AFFIRMATIVE DEFENSES

1.   Duracell's counterclaims are barred in whole or in part by the doctrine of unclean hands and inequitable conduct.

2.   To the extent Duracell may be successful in proving any of its liability allegations, which Energizer expressly denies, and Duracell is able to prove any damages, which Energizer also expressly denies, Duracell has neglected, failed, and refused to mitigate damages, if any, and is thereby barred from recovery herein, or any such recovery must be reduced accordingly.

3.   Duracell fails to state a claim upon which relief can be granted.

4.   Duracell's claim is barred, in whole or in part, by the doctrines of setoff and/or recoupment.

5.   Duracell's alleged damages, if any, were caused or contributed to by the acts, omission, negligence, recklessness, fault, and/or wrongful conduct of third parties.

6.   Duracell's alleged damages, if any, were caused or contributed to by the acts, omission, negligence, recklessness, fault, and/or wrongful conduct of itself and of its

US2008 11593668 1

predecessors or successors.

7.      Duracell fails to state any claim for relief because Duracell has not incurred any legally cognizable damages.

8.      Energizer reserves the right to amend this pleading and to assert additional affirmative defenses, should discovery reveal facts supporting such defenses.

**WHEREFORE**, Energizer respectfully requests that the Court rule and/or otherwise enter judgment against Duracell:

A.      Dismissing the claims in Duracell's Counterclaim, with prejudice;

B.      Awarding Energizer its attorneys' fees, costs, and expenses associated with this litigation; and

C.      Awarding Energizer such other and further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted, this the 30th day of June, 2016.

        /s/William H. Brewster
William H. Brewster (admitted *pro hac vice*)
Theodore H. Davis Jr. (*pro hac vice* forthcoming)
R. Charles Henn Jr. (admitted *pro hac vice*)
Jessica A. Pratt (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street N.E., Suite 2800
Atlanta, GA 30309
(404) 815-6000 (telephone)
(404) 815-6500 (facsimile)
bbrewster@ktslaw.com
tdavis@ktslaw.com
chenn@ktslaw.com
japratt@ktslaw.com

David A. Roodman
Missouri Bar #38109
Herbert R. Giorgio Jr.

>Missouri Bar #58524
>**BRYAN CAVE LLP**
>One Metropolitan Square
>211 North Broadway, Suite 3600
>St. Louis, MO 63102-2750
>(314) 259-2417 (telephone)
>daroodman@bryancave.com
>herb.giorgio@bryancave.com
>
>*Attorneys for Plaintiff Energizer Brands, LLC*

US2008 11593668 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| ENERGIZER BRANDS, LLC,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>DURACELL U.S. OPERATIONS, INC.  )<br>  )<br>  Defendants.  )<br>  ) | Case: 4:16-cv-00223-CEJ |

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was filed electronically using the CM/ECF system on June 30, 2016, which automatically notify and effect service on all counsel of record for Duracell, who are deemed to have consented to electronic service via the Court's CM/ECF system per L.R. 5 -2.12.

/s/ William H. Brewster
William H. Brewster
*Attorney for Plaintiff*

US2008 11593668 1