## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ENERGIZER BRANDS, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 4:16-cv-00223-CEJ |
| DURACELL U.S. OPERATIONS, INC. | ) ) ) |
| Defendants. | ) ) |

### STIPULATED PROTECTIVE ORDER

Plaintiff Energizer Brands, LLC ("Energizer") and Defendant Duracell U.S. Operations, Inc. ("Duracell") (collectively, the "parties") anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery and otherwise in this case and request that the Court enter this Stipulated Protective Order ("Protective Order") pursuant to Fed. R. Civ. P. 26(c) setting forth the conditions for disclosing, treating, using, and protecting such information.

IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES, and ORDERED BY THE COURT THAT:

    1.    As used in the Protective Order, these terms have the following meanings:

(a)     "Attorneys" means counsel of record;

(b)     "Confidential – Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to Paragraph 5 below;

(c)     "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

(d)     "Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document as "Confidential," a party may designate any document, including interrogatory response, other discovery response, and/or transcript, that it, in good faith, contends constitutes or contains trade secrets or other non-public, confidential, valuable information, including non-public research and development information, technical information, software code, marketing information, financial information or other highly confidential business or technical information that has value to it, could provide a competitor with a competitive advantage, and/or may otherwise cause damage if disclosed to other parties, competitors, and their representatives and/or is otherwise entitled to protection from such dissemination under applicable law.

3. All documents and information identified as "Confidential'" or "Confidential – Attorneys' Eyes Only," along with the information contained in the documents, shall be used solely for the purpose of this action or any appeal of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in and permitted herein. Prohibited purposes include, but are not limited to, any use for any reasons other than this litigation, including any commercial, business, or competitive purposes whatsoever.

4. Access to any document and/or information marked "Confidential" shall be limited to:

(a) The Court and its personnel;

(b) Attorneys of record and their office associates, paralegals, legal assistants, and stenographic and clerical employees;

(c) Persons shown on the face of the document to have authored or received it;

(d) Court reporters retained to transcribe testimony;

(e) Inside counsel and their office associates, paralegals, legal assistants actually involved in assisting counsel in the prosecution or defense of this action;

(f) Subject to the terms and provisions of Sections 5 and 6 below, outside independent persons (*i.e.* persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are used by a party or its Attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action; and

(g) Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action, provided such individuals are merely performing clerical or ministerial tasks.

5. The parties shall have the right to further designate highly confidential documents or portions of documents in the areas of nonpublic financial information, trade secrets, and other highly sensitive business information as "Confidential – Attorneys' Eyes Only." Disclosure of such information shall be limited to the persons designated in Paragraphs 4(a), (b), (c), (d), (f), and (g).

6. Disclosure of any information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be made to any persons identified or designated in Paragraph 4(f) unless and until the party who retains the independent expert or consultant notifies all other parties to this litigation in writing of the name of the person(s) to whom disclosure is to be made, providing at that time an executed "Written Assurance" in the form attached hereto as Exhibit A, together with at least, the name of the person, any entities that the person has been employed and/or retained by presently or during the previous four years. No information designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall be disclosed to any independent experts, consultants, or other persons, until at least 10 business days have lapsed following the notice to all other parties of the expected disclosure to the proposed experts, consultant, or other person. If a party makes a written objection to the proposed independent expert, consultant or

other person, within the 10 day period, no disclosure of designated "Confidential" and/or "Confidential – Attorneys' Eyes Only" information may be made to the proposed independent person pending a negotiated, written resolution of the objection or an appropriate Order from the Court resolving such issue.

7.  Third parties producing documents and/or testimony in the course of this action may also designate documents as "Confidential" or "Confidential – Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties, even if not designated by such third parties as "Confidential" or "Confidential – Attorneys' Eyes Only," shall be treated by the parties to this action as "Confidential – Attorneys' Eyes Only" for a period of 15 days from the date of their production. During that 15 day period, any party may designate such documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

8.  All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the final transcript. Unless otherwise agreed, depositions shall be treated as "Confidential – Attorneys' Eyes Only" until 10 days after receipt of the final transcript. The deposition of any witness (or any portion of such deposition) that includes confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9. In the event a party allows another party to inspect documents and things as they are kept in the ordinary course of business, the inspecting and/or receiving party shall treat all such documents and things as "Confidential – Attorneys' Eyes Only" pursuant to this Protective Order until the producing party has an opportunity to review and re-designate any selected documents and things. The producing party shall have 10 days from its receipt of the inspecting and/or receiving party's identification of such selected documents and things to deliver such documents and/or things to the inspecting and/or receiving party with designations in accordance with this Protective Order (however, in the event the inspecting and/or receiving party identifies certain key documents during the inspection that it wishes to copy and retain, the parties shall reasonably permit the copying of such documents at that time so long as the documents are contemporaneously marked and treated as "Confidential – Attorneys' Eyes Only").

10. If a third party subpoenas or requests information that has been designated "Confidential" or "Confidential – Attorneys' Eyes Only" under this Protective Order, the receiving party shall not produce "Confidential" or "Confidential – Attorneys' Eyes Only" information before providing written notice of the subpoena or request to the producing party and the producing party has had a reasonable opportunity to intervene and/or oppose the third party's subpoena or request if it chooses. Nothing in this Protective Order shall prevent a party who receives a subpoena or request from a third party from disclosing/producing documents or information that it designated as "Confidential" or "Confidential – Attorneys' Eyes Only."

11. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential-Attorneys' Eyes Only" shall have 10 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituting copies of the inadvertently produced documents bearing appropriate confidentiality

designations. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

12. The inadvertent delivery by the disclosing party of documents, transcripts or any other materials to the receiving party containing information for which a claim of attorney-client privilege or attorney work product protection might have been made by the disclosing party, shall not be considered a waiver of such privilege or protection and is without prejudice to the right of the disclosing party to claim attorney-client privilege or attorney work product protection for such information and to request that such materials be returned to the disclosing party; provided that the disclosing party makes such a claim and request within thirty (30) days of learning of the inadvertent delivery. Upon receiving such a claim and request from the disclosing party, the receiving party shall promptly, and in any event within 10 days, return the attorney-client privileged or attorney work product protected materials, shall destroy any copies of such materials that have been made and whether still in its possession or not, purge such materials from its electronic databases, if any, and shall not use the inadvertent delivery of such materials as a basis for claiming a waiver. The party returning such inadvertently produced documents may thereafter seek reproduction of any such documents pursuant to applicable law.

13. If a party intends to file a document containing confidential information with the Court, this Protective Order grants leave to make such filing under seal in compliance with Local Rule 13.05(A) and/or the Electronic Case Filing/Case Management procedures manual. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential-Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court.

14. In the event that any designated "Confidential" or "Confidential – Attorneys' Eyes Only" information is used in any court proceeding in connection with this litigation, the parties shall work, in good faith, with the Court to seek to employ appropriate measures to protect the confidential, proprietary, and/or trade secret nature of such information.

15. Any party may request a change in the designation of any information designated "Confidential" and/or "Confidential-Attorneys' Eyes Only." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" and/or "Confidential-Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

16. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification in writing to the disclosing party as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action, including one copy of documents designated as "Confidential" and/or "Confidential-Attorneys' Eyes Only."

17. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

18.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or any position as to discoverability or admissibility of evidence.

19.     The obligations imposed by the Protective Order shall survive the termination of this action.

20.     No later than thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties shall file a motion seeking leave to remove any physical materials designated "Confidential" or "Confidential – Attorneys' Eyes Only" from the office of the Clerk of Court.

Stipulated to:

/s/William H. Brewster
William H. Brewster (*pro hac vice*)
Theodore H. Davis Jr. (*pro hac vice*)
R. Charles Henn Jr. (*pro hac vice*)
Jessica A. Pratt (*pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Telephone: (404) 815-6500
bbrewster@ktslaw.com
tdavis@ktslaw.com
chenn@ktslaw.com
japratt@ktslaw.com

David A. Roodman
Missouri Bar #38109
Herbert R. Giorgio Jr.
Missouri Bar #58524
**BRYAN CAVE LLP**
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102-2750
Telephone: (314) 259-2417
daroodman@bryancave.com

/s/Gregory J. Leighton
Lee J. Eulgen (*pro hac vice*)
Kevin C. May (*pro hac vice*)
Sarah E. Smith (*pro hac vice*)
Gregory J. Leighton (*pro hac vice*)
Andrew S. Fraker (*pro hac vice*)
**NEAL GERBER & EISENBERG**
2 N. LaSalle, 17th Floor
Chicago, Illinois 60602
Telephone: (312) 269-8000
leulgen@ngelaw.com
kmay@ngelaw.com
ssmith@ngelaw.com
gleighton@ngelaw.com
afraker@ngelaw.com

Michael Annis
Missouri Bar #47374
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza Suite 600
St. Louis, Missouri 63105
Telephone: (314) 480-1500
mike.annis@huschblackwell.com

herb.giorgio@bryancave.com

*Attorneys for Plaintiff*                                          *Attorneys for Defendant*

**IT IS SO ORDERED.**

DATED: __August 2__, 2016.

_____
Honorable Carol E. Jackson
United States District Court Judge

# EXHIBIT A
## WRITTEN ASSURANCE

I, _____, declare that:

1. My address is _____, and the address of my present employer is _____.

2. My present occupation or job description is _____ _____.

3. My present relationship to plaintiff/defendant(s) is _____ _____.

4. I have received a copy of the Stipulated Protective Order (the "Protective Order") in this action.

5. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Confidential information received under the protection of the Protective Order.

6. I understand that I am to retain all copies of any materials that I receive which have been so designated as Confidential in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all confidential documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Executed this ____ day of _____, 201_, in the State of _____.

_____
Signature