# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

ENERGIZER BRANDS, LLC,  )
)
    Plaintiff, Counter-Defendant,  )
)
vs.  )      Civil Action No. 4:16-cv-00223-CEJ
)
DURACELL U.S. OPERATIONS, INC.  )
)
    Defendant, Counter-Plaintiff.  )
)
_____  )

**ENERGIZER'S FOURTH AMENDED OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST SET OF INTERROGATORIES**

    Plaintiff Energizer Brands, LLC ("Energizer"), pursuant to the Local Rules, the Federal

Rules of Civil Procedure, and applicable law, responds and objects to Defendant's First Set of

Interrogatories to Energizer (the "Interrogatories") as follows:

**PRELIMINARY STATEMENT**

    Energizer has made reasonable efforts to respond to the Interrogatories propounded by

Duracell U.S. Operations, Inc. ("Duracell"), to the extent that they call for information that is not

otherwise privileged or objectionable, as Energizer understands and interprets them. If Duracell

subsequently asserts a different interpretation, Energizer reserves the right to supplement its

objections and responses. In responding to an Interrogatory, Energizer does not admit, adopt or

acquiesce in any factual or legal contention, assertion or characterization that is contained in

these Interrogatories (or any particular request therein).

    Energizer's objections to these interrogatories are based upon facts presently known to

Energizer. Energizer's investigation and discovery, including the review of its own files, are

continuing, and Energizer may subsequently learn additional facts and uncover additional

1

documents or information in its possession. Energizer reserves the right to rely upon all such evidence as may become available during the course of discovery and trial preparation and to use the same at any hearing or trial or otherwise in this action. However, Energizer undertakes no duty to supplement its objections or responses beyond what is required by the Local Rules, the Federal Rules of Civil Procedure, or applicable law.

## GENERAL OBJECTIONS

Energizer asserts the following "General Objections" with respect to each instruction, definition, and interrogatory:

1.  Energizer objects to the Interrogatories to the extent that they impose obligations on Energizer beyond what is required by the Local Rules, the Federal Rules of Civil Procedure, or applicable law.

2.  Energizer objects to the Interrogatories to the extent that they impose undue burden and expense on Energizer. FED. R. CIV. P. 26(c)(1).

3.  Energizer objects to the Interrogatories to the extent that they require Energizer to search and review electronically stored information from sources that are not reasonably accessible to Energizer because of undue burden or cost. FED. R. CIV. P. 26(b)(2)(B).

4.  Energizer objects to the Interrogatories to the extent that they require Energizer to produce information that is not in the possession, custody, or control of Energizer or its agents, representatives, or attorneys.

5.  Energizer objects to the Interrogatories to the extent that they require Energizer to produce information that is publicly available, equally available or more accessible to Duracell, or already in the possession, custody, or control of Duracell or its agents, representatives, or attorneys.

2

6.      Energizer objects to the Interrogatories to the extent that they require Energizer to produce information that is unreasonably cumulative or duplicative. Fed R. Civ. P. 26(b)(2)(C)(i).

7.      Energizer objects to the Interrogatories to the extent that they require Energizer to produce information that is more readily available from a more convenient, less burdensome, or less expensive source than Energizer. *Id.*

8.      Energizer objects to the Interrogatories to the extent that they require Energizer to produce information protected from discovery by attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, or protection, including, but not limited to: information constituting privileged communications with counsel; information prepared, acquired, or developed in anticipation of litigation or for trial; and mental impressions, conclusions, opinions, or legal theories of an attorney or legal representative of Energizer. Inadvertent production or disclosure of any such information is not intended to and shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such information, or with respect to the subject matter thereof. Nor shall such inadvertent production or disclosure waive Energizer's right to object to the use of any such information during this action or in any other proceeding. Energizer claims all such privileges and invokes all such protections.

9.      Energizer objects to the Interrogatories to the extent that they require Energizer to produce information that is not relevant to any claim or defense asserted by any party in this litigation. FED. R. CIV. P. 26(b)(1).

10.      Energizer objects to the Interrogatories to the extent that their scope is not proportional to the needs of the case, considering the importance of the issues at stake in the

3

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, and the importance of the documents or information sought in resolving the issues. *Id.*

11.     Energizer objects to the Interrogatories to the extent that they impose on

Energizer a burden and expense that outweighs the likely benefit of the documents or

information sought. *Id.*

12.     Energizer objects to the Interrogatories to the extent that they are overbroad and

unduly burdensome in that they seek "all facts" concerning or relating to an issue or event.

13.     Energizer objects to the Interrogatories as overbroad and unduly burdensome in

that they are not reasonably limited in time or scope.

14.     Energizer objects to the Interrogatories to the extent that they require Energizer to

produce information that constitutes trade secrets or other confidential research, development, or

commercial information.  FED. R. CIV. P. 26(c)(1)(G).

15.     Energizer objects to the Interrogatories to the extent that they are premature.

16.     Energizer's objections and responses to the Interrogatories are made without

waiving or intending to waive, but to the contrary, preserving and intending to preserve:

(a)     all questions of competency, relevancy, materiality, privilege, and

admissibility of evidence;

(b)     the right to object on any ground to the use of any response or the subject

matter thereof;

(c)     the right to object on any ground, at any time, to a demand for further

responses to these or other discovery requests;

(d)     the right to rely upon any subsequently discovered documents or

information that Energizer does not presently possess or recall; and

4

(e)     the right to amend, revise, or supplement these objections and responses at any time pursuant to the Local Rules, the Federal Rules of Civil Procedure, and applicable law.

17.     Energizer incorporates by reference these General Objections into each of the "Specific Objections and Responses" set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1:** Identify all facts concerning Your contention that "Duracell knowingly, willfully, intentionally, and maliciously made and continues to make prominent use of the Duracell Bunny on packaging in the United States, and has actual knowledge of such use over which Duracell has the right to exercise control," as stated in Paragraph 36 of the Complaint.

**Response:**     In addition to the General Objections stated above, Energizer further objects to this Interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege or the work product doctrine or would disclose the mental impressions, conclusions, opinions, or legal theories of counsel and, as such, is protected from discovery.  Energizer also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks "all facts concerning" certain allegations contained in Paragraph 36 of the Complaint.

Subject to, and without waiving, these objections, Energizer responds that it notified Duracell of the presence of Duracell Bunny Packaging in the U.S. on September 28, 2015, and the parties exchanged correspondence regarding Duracell's investigation into the issue.  On November 23, 2015, Duracell indicated that it considered the matter closed and Duracell made no effort to have the product removed or prevent its sale in violation of Duracell's contractual

5

obligations. On information and belief, Duracell is generally responsible for the distribution, offering for sale, and sale of Duracell Bunny Goods in the United States. On further information and belief, Duracell therefore has the ability to control the actions of its distributors and affiliates with respect to the distribution of products bearing the Duracell Bunny Mark in the U.S., but Duracell has taken no meaningful action to do so. In fact, the presence of Duracell Bunny Goods in the U.S. has increased dramatically since Energizer notified Duracell of the issue, and Duracell's repeated refusal to take action makes Duracell complicit in the domestic sale of the Duracell Bunny Goods.

Documents obtained during discovery have further confirmed that Duracell had both actual knowledge of use of the Duracell Bunny in the United States and the ability to exercise control of that use. Energizer raised the issue of the Duracell Bunny Goods in September 2015. Despite taking no obvious steps to address the situation, and only after repeated follow up, counsel for Duracell ultimately wrote that "We have nothing further to add and we consider the matter closed." However, after the lawsuit was filed, Duracell reached out to those retailers identified by Energizer as selling Duracell Bunny Goods in the U.S., and retailers responded to Duracell's requests and removed the product from their stores or websites. In fact, Duracell's counsel sent letters to a variety of retailers in July , and – referring to packaging bearing the DURACELL mark and Duracell Bunny – noted that they may be "diverted goods intended for sale only in particular foreign territories. Sales of counterfeit and/or diverted goods may be a violation of applicable federal and/or state law, and may expose you to liability for damages and Duracell's attorneys' fees." Those letters further stated, among other things, that Duracell "require[d] that [the retailer]: (i) immediately and permanently cease advertising, distributing, and reselling DURACELL-branded batteries in packaging bearing the Duracell Bunny in the

United States; and (ii) deliver to Duracell any remaining inventory of DURACELL-branded batteries in packaging bearing the Duracell Bunny."

In response to those letters, retailers removed or returned the Duracell Bunny Goods. For example, Michaels Stores responded "We are happy to return the product to you. Please let me know who/where to ship it." Another retailer, Menard, Inc., agreed to "pull any remaining product at the store level as well as the warehouse" and indicated that the Duracell Bunny Goods would be destroyed.

Based on a variety of factors, including legal rights and contract rights, as well as practical considerations, Duracell has the right and the ability to exercise control over the sale of Duracell Bunny Goods. Additionally, discovery efforts to date also have disclosed that Duracell or its predecessor-in-interest, P&G, has entered into at least one "no divert" agreement, with an entity that at one time was associated with the sale of Duracell Bunny Goods.

**Interrogatory No. 2:** Identify all facts concerning Your contention that "the manufacture, distribution, offer for sale, and sale of batteries in the Unlawful Packaging in the United States are being conducted by Duracell or by one or more third parties that Duracell directly or indirectly controls or over which Duracell has the ability to exercise control," as stated in Paragraph 37 of the Complaint.

**Response:** In addition to the General Objections stated above, Energizer further objects to this Interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege or the work product doctrine or would disclose the mental impressions, conclusions, opinions, or legal theories of counsel and, as such, is protected from discovery. Energizer also objects to this Interrogatory on the ground that it is overbroad and unduly

7

burdensome because it seeks "all facts concerning" certain allegations contained in Paragraph 37 of the Complaint.

Subject to, and without waiving, these objections, Energizer responds that, on information and belief, Duracell is generally responsible for the distribution, offering for sale, or sale of Duracell Bunny Goods in the United States.  As a part of this responsibility and on further information and belief, Duracell has the ability to hold its affiliates, licensees, distributors, vendors responsible for any violations of the intellectual property rights of others and to accept responsibility in holding their suppliers and subcontractors accountable for intellectual property violations.  Based on this responsibility and authority, Duracell has control over the activities of its affiliates, particularly under circumstances where its affiliates are distributing, offering for sale, and selling products that infringe upon the trademark rights of a third party and Duracell has actual knowledge of such infringement.

As described above in the response to Interrogatory 1, documents obtained during discovery confirm that Duracell has the ability to exercise control of the distribution and sale of Duracell Bunny Goods in the U.S.  In short, Duracell has the ability – derived from various sources – to exercise control over third parties selling and distributing Duracell Bunny Goods in the United States,

**Interrogatory No. 3:** Identify all facts concerning Your contention that Duracell "supplies its products to Duracell's Affiliates, which Duracell knows or has reason to know are engaged in the distribution and sale of batteries in the Unlawful Packaging in the United States, and Duracell has continued to supply such products despite this knowledge," as stated in Paragraph 50 of the Complaint.

8

**Response:**  In addition to the General Objections stated above, Energizer further objects to this Interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege or the work product doctrine or would disclose the mental impressions, conclusions, opinions, or legal theories of counsel and, as such, is protected from discovery. Energizer also objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks "all facts concerning" certain allegations contained in Paragraph 50 of the Complaint.

Subject to, and without waiving, these objections, Energizer responds that on information and belief, Duracell is generally responsible for the distribution, offering for sale, or sale of Duracell Bunny Goods in the United States.  Duracell had actual notice of certain of Duracell's Affiliates offering for sale and selling batteries in packaging bearing the Duracell Bunny in the U.S. since September 28, 2015.  Despite having actual notice, many of Duracell's Affiliates, including those specifically named by Energizer in its initial demand letter, have continued to offer for sale and sell products bearing the Duracell Bunny Mark in the U.S.

As described in responses to Interrogatories Nos. 1 and 2, documents obtained during discovery have confirmed that Duracell continued to supply DURACELL® product to entities that were known to have sold or to sell Duracell Bunny Goods, and declined to take steps to stop those sales  despite having the ability to exercise control.  Additionally, discovery efforts to date also have disclosed that Duracell or its predecessor-in-interest, P&G, has entered into at least one "no divert" agreement, with an entity that at one time was associated with the sale of Duracell Bunny Goods and continued to supply that entity with DURACELL® product even though it was aware of the entities' ongoing sale of Duracell Bunny Goods.

9

**Interrogatory No. 4:** Identify all facts concerning Your contention that "Duracell's unauthorized use in commerce of the Duracell Bunny in the United States is causing and likely to continue to cause confusion, or to cause mistake, or to deceive purchasers and customers as to the source, origin or sponsorship of Duracell's products," as stated in Paragraph 44 of the Complaint.

**Response:** In addition to the General Objections stated above, Energizer further objects to this Interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege or the work product doctrine or would disclose the mental impressions, conclusions, opinions, or legal theories of counsel and, as such, is protected from discovery. Energizer further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks "all facts concerning" certain allegations contained in Paragraph 44 of the Complaint.

Subject to, and without waiving, these objections, Energizer responds that almost every relevant factor considered in a likelihood of confusion analysis, including the following, indicates that confusion is likely: (1) Energizer's Bunny Mark is extremely strong and famous in the U.S.; (2) Duracell's Bunny Mark consists of a pink toy bunny and is therefore highly similar to the Energizer Bunny Mark; (3) Energizer and Duracell are direct competitors; and (4) consumers are not likely to exercise a great deal of care in purchasing the parties' battery products. Moreover, the parties themselves entered into agreements intended to prevent the confusion that is caused and will continue to be caused by the use of the Duracell Bunny and Energizer Bunny in the same jurisdictions and markets. Finally, discovery has disclosed at least one individual in Austin, Texas, that purchased Duracell Bunny Goods and complained as to the quality of the battery, specifically noting that the packaging depicts the "Energizer Bunny."

10

**Interrogatory No. 5:** Identify all facts concerning Your contention that "Duracell willfully intended to trade on the recognition of the famous Energizer Bunny Trademark," as stated in Paragraph 71 of the Complaint.

**Response:** In addition to the General Objections stated above, Energizer further objects to this Interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege or the work product doctrine or would disclose the mental impressions, conclusions, opinions, or legal theories of counsel and, as such, is protected from discovery. Energizer further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks "all facts concerning" certain allegations contained in Paragraph 71 of the Complaint.

Subject to, and without waiving, these objections, Energizer responds that, on information and belief, Duracell is generally responsible for the distribution, offering for sale, or sale of Duracell Bunny Goods in the United States, and has the authority and responsibility to control Duracell Affiliates actions in connection with the distribution, offering for sale, and sale of Duracell Bunny Goods.  Energizer has repeatedly given Duracell actual notice of the presence of products bearing the Duracell Bunny Mark in the United States, and Duracell has repeatedly refused to take any meaningful action to prevent the recurring violation of the parties' agreement.  Duracell's failure to make any meaningful efforts to curtail the unauthorized sale of products bearing the Duracell Bunny Mark indicates that Duracell's passivity is willful.

**Interrogatory No. 6:** Identify the individual(s) most knowledgeable about the Bunny Agreements, including the negotiation, formation and execution of the Bunny Agreements and Energizer's understanding of each of the parties' respective obligations under the Bunny Agreements.

11

**Response:**  In addition to the General Objections, Energizer further objects to this Interrogatory on the grounds that it is a compound interrogatory containing at least two unnumbered subparts, each of which requests distinct and separate information and therefore should be considered a separate interrogatory.

Subject to, and without waiving, these objections, Energizer responds that no one currently employed by Energizer, or within Energizer's control, has knowledge of the negotiation, formation, and execution of the Bunny Agreements.  Moreover, the Bunny Agreements speak for themselves and are the best evidence of their contents, including the parties' obligations thereunder.  Based on Energizer's investigation to date and subject to the limitations above, Energizer responds that Michelle Atkinson, Chief Consumer Officer, has knowledge about the Bunny Agreements.

**Interrogatory No. 7:** Identify the individual(s) most knowledgeable about the marketing, advertising, distribution, sales, channels of trade and intended consumers of batteries bearing the Energizer Bunny Marks, and describe each such individual's responsibilities.

**Response:**  In addition to the General Objections, Energizer further objects to this Interrogatory on the ground that it seeks the disclosure of information that is irrelevant to the subject matter of this proceeding and not within the categories reasonably calculated to lead to the discovery of admissible evidence.  Energizer also objects to this Interrogatory because it requires Energizer to produce information that constitutes trade secrets or other confidential research, development, or commercial information.

Subject to, and without waiving, these objections, Energizer responds that based on Energizer's investigation to date and subject to the limitations and objections above, Energizer responds that Michelle Atkinson, Chief Consumer Officer, has knowledge about the marketing,

advertising, and intended consumers of batteries bearing the Energizer Bunny Marks, and Brand

Davis has knowledge about the distribution, sales, channels of trade of batteries bearing the

Energizer Bunny Marks.

**Interrogatory No. 8:** Identify the individual(s) most knowledgeable about Energizer's

efforts to prevent or curtail counterfeit Energizer goods and/Foreign Energizer Goods from being

distributed or sold in or to the United States, and describe each such individual's responsibilities.

**Response:** In addition to the General Objections, Energizer further objects to this

Interrogatory on the ground that it is vague because the term "counterfeit Energizer goods" is

undefined and subject to multiple interpretations.  Energizer further objects to this Interrogatory

on the ground that it seeks the disclosure of information that is wholly irrelevant to the subject

matter of this proceeding and not within the categories reasonably calculated to lead to the

discovery of admissible evidence.  Energizer's policies and efforts to prevent foreign Energizer

goods or counterfeit are not the subject of this dispute and nothing in Duracell's counterclaims

bring Energizer's enforcement practices into the scope of relevant discovery.

**Interrogatory No. 9:** Describe in detail all measures Energizer takes to prevent

counterfeit Energizer goods and/or Foreign Energizer Goods from being distributed or sold in or

to the United States.

**Response:** In addition to the General Objections, Energizer further objects to this

Interrogatory on the ground that it is vague, overbroad and unduly burdensome because it seeks

information regarding "all measures" Energizer takes to prevent counterfeit and Foreign

Energizer Goods from being distributed in the U.S.  Energizer also objects to this Interrogatory

on the ground that on the ground that it seeks the disclosure of information that is wholly

irrelevant to the subject matter of this proceeding and not within the categories reasonably

calculated to lead to the discovery of admissible evidence.  Energizer's policies and efforts to prevent foreign Energizer goods or counterfeit Energizer products are not the subject of this dispute and nothing in Duracell's counterclaims bring Energizer's enforcement efforts into the scope of relevant discovery.  Energizer further objects to this Interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege or the work product doctrine or would disclose the mental impressions, conclusions, opinions, or legal theories of counsel and, as such, is protected from discovery.

**Interrogatory No. 10:**  Identify all instances of which Energizer is aware in which counterfeit Energizer goods or Foreign Energizer Goods were distributed or sold in or to the United States.

**Response:**  In addition to the General Objections, Energizer further objects to this Interrogatory on the ground that it is vague, overbroad and unduly burdensome because it seeks information regarding "all instances" of which Energizer is aware in which counterfeit and Foreign Energizer Goods were distributed or sold in or to the United States.  Energizer also objects to this Interrogatory on the ground that on the ground that it seeks the disclosure of information that is wholly irrelevant to the subject matter of this proceeding and not within the categories reasonably calculated to lead to the discovery of admissible evidence.  Energizer's policies and efforts to prevent foreign Energizer goods or counterfeit Energizer products are not the subject of or relevant to this dispute and nothing in Duracell's counterclaims bring Energizer's enforcement efforts into the scope of relevant discovery.

**Interrogatory No. 11:**  Identify all instances of which Energizer is aware in which Duracell Bunny Goods were distributed or sold in or to the United States after the parties thereto entered into the Bunny Agreements.

14

**Response:**   Subject to, and without waiving, the General Objections, Energizer responds that the Duracell Bunny Goods were distributed and sold in the United States at least at the following locations:

- Phillips 66® in Limon, Colorado;

- Menards® in Ballwin, Missouri;

- Menards® in Jefferson City, Missouri;

- Menards® in Richmond Heights, Missouri;

- Menards® in St. Peters, Missouri;

- Menards® in Manchester, Missouri;

- Menards® in St. Ann, Missouri;

- Downtown Shell Station, in Atlanta, Georgia;

- Ideal Food Basket, in Brooklyn, New York;

- Pat Catan's® in North Ridgeville, Ohio;

- Brooklyn Battery Works (via BrooklynBatteryWorks.com);

- Batteries In A Flash (batteriesinaflash.com) in North Las Vegas, Nevada;

- Optics Planet, Inc. (www. opticsplanet.com) in Northbrook, Illinois;

- Priceuswholesale.com of Brooklyn, NY (www.priceuswholesale.com);

- Weiners, Ltd of Wisconsin (www.weinersltd.com);

- Intertradecorp.com (www.intertradecorp.com);

- Four Seasons General Merchandise (www.4sgm.com) in Los Angeles, California;

- Chevron Station in Marietta, Georgia;

- BP Station in Atlanta, Georgia;

- Basic American Supply in Colorado City, Arizona; and

- Buc-ee's in New Braufels, Texas.

Additional third-party discovery has indicated to Energizer that the following entities also have sold Duracell Bunny Goods[1]:

- GC Distribution;

- U.S. Asia Exchange;

- Sansar Global, Inc.;

- VK Wholesale2, Inc.;

- I&A Merchandise, Inc.;

- Elyon Corporation;

- Brand Central NY;

- Z. Reiss & Associates;

- Price Master Corp;

- Twenty Six Tronix, Inc.;

- 21st Century Photo Supplies, Inc.;

- SAF Fuels, Inc.;

- Cobb Distributors, Inc.;

- AimPoint, Inc.;

- Fast N Friendly Food Mart, Inc.;

- Franklin Street Amoco, Inc.; and

- Atlantic Petroleum, LLC;

---

[1] Further information regarding the sale of Duracell Bunny Goods by these entities are available in their respective productions : GC Distribution (GC00001-00015); U.S. Asia Exchange (USASIA00006-0036); VK Wholesale2, Inc. (VK00001-000023); I&A Merchandise, Inc. (I&A_Merch00001); Brand Central NY (Brand_Central_NY00001-00007); Z Reiss & Associates (ZR00001-00004); SAF Fuels, Inc. (SAF001); Cobb Distributors (COBB001-003); AimPoint, Inc. (Aimpoint001); and Fast N Friendly (Fast N Friendly 001-002).

Additional sales of Duracell Bunny Goods in the United States by other entities are disclosed in the documents produced by P&G and Duracell.  Despite Duracell's knowledge of these retailers and sales, Energizer has been unable to identify any evidence showing that Duracell or P&G took any action against any of these entities.

**Interrogatory No. 12:**  Describe in detail all measures Energizer has taken to investigate the marketing, promotion, distribution and/or sale of Duracell Bunny Goods in or to the United States after the parties thereto entered into the Bunny Agreements.

**Response:**  In addition to the General Objections, Energizer further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks information regarding "all measures" taken to investigate the marketing, promotion, distribution and/or sale of Duracell Bunny Goods in or to the United States after the parties entered into the Bunny Agreements. Energizer further objects to this Interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege or the work product doctrine or would disclose the mental impressions, conclusions, opinions, or legal theories of counsel and, as such, is protected from discovery.  Subject to, and without waiving, these objections, Energizer responds that it has been notified of the presence of Duracell Bunny Goods throughout the United States as such products have appeared in the marketplace.  Such reports came from its own employees in the field as well as certain third parties, like Advantage Solutions, that periodically collect and provide intelligence on the activities and marketing strategies of Energizer's competitors, including Duracell.  As a result of the growing number of such reports, Energizer has been monitoring various retail outlets for the presence of Duracell Bunny Goods in the U.S.

17

**Interrogatory No. 13:**  Identify all Persons of which Energizer is aware that have marketed, distributed, sold and/or shipped Duracell Bunny Goods in or to the United States after the parties thereto entered into the Bunny Agreements.

**Response:**  In addition to the General Objections, Energizer further objects to this Interrogatory on the ground that it is cumulative and duplicative of Interrogatory No. 11.

Subject to, and without waiving, these objections, Energizer responds by incorporating its response to Interrogatory No. 11.

**Interrogatory No. 14:**  Identify the individual(s) most knowledgeable about the measures Energizer has taken to investigate the marketing, promotion, distribution and/or sale of Duracell Bunny Goods in or to the United States after the parties thereto entered into the Bunny Agreements and the facts Energizer has learned as a result of such measures.

**Response:**  In addition to the General Objections, Energizer further objects to this Interrogatory on the grounds that it is a compound interrogatory containing at least four unnumbered subparts, each of which requests distinct and separate information and therefore should be considered a separate interrogatory.  Energizer further objects to the extent the Interrogatory seeks disclosure of information protected from discovery by the work-product doctrine or the attorney-client privilege or would disclose the mental impressions, conclusions, opinions, or legal theories of counsel and, as such, is protected from discovery.

Subject to, and without waiving, these objections, Energizer identifies Brandon Davis as the person most knowledgeable about the presence of Duracell Bunny Product in the U.S.

**Interrogatory No. 15:**  For each of the Third-Party Retailers, describe in detail all facts of which Energizer is aware regarding such Third-Party Retailer's marketing, distribution and/or sale of Duracell Bunny Goods in or to the United States.

**Response:**  In addition to the General Objections, Energizer further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks information regarding "all facts" regarding the Third-Party Retailers' marketing, promotion, distribution and/or sale of Duracell Bunny Goods in or to the United States after the parties entered into the Bunny Agreements.  Subject to and without waiving these objections, Energizer responds that it is aware only the Duracell Bunny Goods were offered for sale through the brick and mortar and online retail stores, distributors, and wholesalers identified in response to Interrogatory No. 11; it does not currently have information regarding the marketing or distribution of such products.

**Interrogatory No. 16:**  For each of the Third-Party Retailers, describe in detail all facts of which Energizer is aware regarding the marketing, distribution and/or sale of the Duracell Bunny Goods to such Third-Party Retailer, including the identity of the Person that marketed, distributed or sold the Duracell Bunny Goods to such Third-Party Retailer.

**Response:**  In addition to the General Objections, Energizer further objects to this Interrogatory on the ground that it is vague, overbroad and unduly burdensome because it seeks information regarding "all facts" regarding the Third-Party Retailers' marketing, promotion, distribution and/or sale of Duracell Bunny Goods including the identities of the Person that marketed, distributed or sold such goods.  Energizer also objects to this Interrogatory on the grounds that it is a compound interrogatory containing at least four unnumbered subparts for each of the seventeen Third-Party Retailers, each of which requests distinct and separate information and therefore should be considered a separate interrogatory.  Energizer further objects to this Interrogatory on the ground that it is unnecessarily cumulative and duplicative because it asks for all facts related to Third-Party Retailers' sale of Duracell Bunny Goods in the

19

U.S. as requested in Interrogatory No. 15. Energizer further objects to the extent the Interrogatory seeks disclosure of information protected from discovery by the work-product doctrine or the attorney-client privilege or would disclose the mental impressions, conclusions, opinions, or legal theories of counsel and, as such, is protected from discovery.

Subject to and without waiving these objections, Energizer responds that it is aware only that the Duracell Bunny Goods were offered for sale through the brick and mortar and online retail stores, distributors, and wholesalers identified in response to Interrogatory No. 11; it does not currently have information regarding the marketing or distribution of such products or the individual Persons involved.

**Interrogatory No. 17:**  For each of the Third-Party Retailers, identify the dates on which Energizer first became aware of such Third-Party Retailer's marketing, distribution and/or sale of Duracell Bunny Goods in or to the United States and all measures Energizer took to investigate such Third-Party Retailer's marketing, distribution and/or sale of Duracell Bunny Goods in or to the United States, including by identifying all communications Energizer has had or has attempted to have with each such Third-Party Retailer regarding their marketing, distribution and/or sale of Duracell Bunny Goods in or to the United States.

**Response:**  In addition to the General Objections, Energizer further objects to this Interrogatory on the ground that it is overbroad and unduly burdensome because it seeks information regarding "all communications" regarding the Third-Party Retailers' marketing, promotion, distribution and/or sale of Duracell Bunny Goods in or to the United States after the parties entered into the Bunny Agreements.  Energizer also objects to this Interrogatory on the grounds that it is a compound interrogatory containing at least four unnumbered subparts for each of the seventeen Third-Party Retailers, each of which requests distinct and separate

20

information and therefore should be considered a separate interrogatory. Energizer further objects to this Interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege or the work product doctrine or would disclose the mental impressions, conclusions, opinions, or legal theories of counsel and, as such, is protected from discovery. Energizer further objects to this Interrogatory on the ground that it is unnecessarily cumulative and duplicative because it asks for all facts related to Third-Party Retailers' sale of Duracell Bunny Goods in the U.S. as requested in Interrogatory Nos. 15 and 16.

Subject to, and without waiving, these objections, Energizer states that it became aware of the presence of the Duracell Bunny Goods as follows:

- Phillips 66® in Limon, Colorado – July 24, 2015;

- Menards® in Ballwin, Missouri – November 19, 2015;

- Menards® in Jefferson City, Missouri – November 19, 2015;

- Menards® in Richmond Heights, Missouri - April 15, 2016;

- Menards® in St. Peters, Missouri – April 3, 2016;

- Menards® in Manchester, Missouri – April 6, 2016;

- Menards® in St. Ann, Missouri – April 3, 2016;

- Downtown Shell Station, in Atlanta, Georgia – March 27, 2016;

- Ideal Food Basket, in Brooklyn, New York – March 11, 2016;

- Pat Catan's® in North Ridgeville, Ohio – November 21, 2014; February 22, 2015; and February 5, 2016;

- Brooklyn Battery Works (via BrooklynBatteryWorks.com) - February 12, 2016;

- Batteries In A Flash (batteriesinaflash.com) in North Las Vegas, Nevada - February 12, 2016;

- Optics Planet, Inc. (www.opticsplanet.com) in Northbrook, Illinois – February 12, 2016;

- Priceuswholesale.com of Brooklyn, NY (www.priceuswholesale.com) February 12, 2016;

- Weiners, Ltd of Wisconsin (www.weinersltd.com) - February 12, 2016;

21

- Intertradecorp.com (www.intertradecorp.com) - February 12, 2016;

- Four Seasons General Merchandise (www.4sgm.com) in Los Angeles, California - February 12, 2016.

- Chevron Station in Marietta, Georgia – February 22, 2016;

- BP Station in Atlanta, Georgia – November 12, 2016;

- Basic American Supply in Colorado City, Arizona – February 17, 2017;

- Buc-ees in New Braunfels, Texas – March 24, 2017.

Sale of Duracell Bunny Goods by the additional entities identified in response to Interrogatory No. 11 were discovered through subpoenas served between October 31, 2016 and January 3, 2017.

**Interrogatory No. 18:**  Identify all instances of which Energizer is aware in which any third party has used or sought to register a trademark constituting or comprising a bunny in connection with batteries in the United States, including all steps taken by Energizer to prevent such use or registration and all communications concerning same.

**Response:**  In addition to the General Objections, Energizer further objects to this Interrogatory on the ground that it seeks the disclosure of information that is wholly irrelevant to the subject matter of this proceeding and not within the categories reasonably calculated to lead to the discovery of admissible evidence.  Energizer objects to this Interrogatory on the ground that it seeks documents that are more readily available from a more convenient, less burdensome, or less expensive source than Energizer, such as public records, PACER, Westlaw, or LexisNexis.  Energizer's enforcement efforts are not the subject of this dispute, and nothing in Duracell's counterclaims bring Energizer's enforcement practices into the scope of relevant discovery.  Energizer further objects to this Interrogatory to the extent that it seeks information protected from discovery by the attorney-client privilege or the work product doctrine or would

22

disclose the mental impressions, conclusions, opinions, or legal theories of counsel and, as such, is protected from discovery.

Subject to these objections, Energizer responds that it regularly enforces its rights against third parties seeking to use bunny designs in connection with battery or battery-related products, including the following:

| Mark | Summary |
|---|---|
|  | Energizer opposed the application (Serial No. 86573770) to register the bunny design mark for "pocket flashlights; electric pocket search lights; light-emitting diodes lighting fixtures; diving lights; pressure cooking saucepans, electric; refrigerating cabinets; electric air deodorizing apparatus; hot air blowers; taps for faucets; faucets for pipes; plumbing fittings, namely, pipe line cocks; water purification installations; heating installations; hot water tanks" in Class 11, filed by Shenzhen Leimingyu Electronics Co., Ltd<br><br>Opposition sustained on August 3, 2016 (default judgment) |
|  | Energizer opposed the application (Serial No. 86946630) to register the bunny design mark for "Accumulators, electric; Bags adapted for laptops; Battery chargers; Cell phone covers; Cell phone straps; Cell phone cases; Data processing equipment, namely, couplers; Electricity conduits; Mouse pads; Protective display screen covers adapted for use with cellphone and smartphone" in Class 9, filed by China Industrial (HK) Company Limited<br><br>Opposition ongoing |
| BUNNY TOWN | Energizer took issue with Disney, Inc's application (Serial No. 77/053002) to register the mark BUNNYTOWN in connection with battery chargers, among a variety of other goods and services. Disney amended the application on January 28, 2008, and Energizer considered the matter resolved to its satisfaction. The application was later abandoned for failure to submit a Statement of Use. |

| Mark | Summary |
|---|---|
|  | Energizer took issue with Universal City Studios LLC's application (Serial No. 86/690269) to register the bunny design mark in connection with a variety of goods in Class 9, including batteries. Universal deleted batteries from the application on July 7, 2016. |

**Interrogatory No. 19:**  Describe in detail all facts concerning, and quantify, all damages You claim to have suffered as a result of Duracell's conduct complained of in Your Complaint in this case, including by describing Your method of calculating such damages.

**Response:**  In addition to the General Objections, Energizer further objects to this Interrogatory because it is premature.  Energizer will disclose such information pursuant to the Court's Scheduling Order.  Subject to, and without waiving, these objections, Energizer responds that it believes it is entitled to monetary recovery in the form of a disgorgement of Duracell's profits and damages in the form(s) of reasonable royalty and/or lost sales. In addition, Energizer seeks treble damages, exemplary and punitive damages, attorneys' fees, costs, and pre- and post-judgment interest. Energizer will be relying on expert witnesses to calculate the damages in this case and will provide those calculations consistent with the scheduling order in the case.

Dated: April 4, 2017.

*/s/ William H. Brewster*

William H. Brewster (admitted *pro hac vice*)
R. Charles Henn Jr. (admitted *pro hac vice*)
Jessica A. Pratt (admitted *pro hac vice*)
Harris W. Henderson (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street N.E., Suite 2800
Atlanta, GA 30309
(404) 815-6000 (telephone)
(404) 815-6500 (facsimile)

24

bbrewster@ktslaw.com
chenn@ktslaw.com
hhenderson@ktslaw.com
japratt@ktslaw.com

David A. Roodman
Missouri Bar #38109
Herbert R. Giorgio Jr.
Missouri Bar #58524
**BRYAN CAVE LLP**
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750
(314) 259-2417 (telephone)
daroodman@bryancave.com
herb.giorgio@bryancave.com

*Attorneys for Plaintiff Energizer Brands, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

ENERGIZER BRANDS, LLC,            )
                                  )
    Plaintiff, Counter-Defendant,  )
                                  )
vs.                               )          Civil Action No. 4:16-cv-00223-CEJ
                                  )
DURACELL U.S. OPERATIONS, INC.    )
                                  )
    Defendant, Counter-Plaintiff.  )
_____   )

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was served on

counsel for Defendant via electronic mail delivery.

Dated: April 4, 2017.

                                     */s/Jessica A. Pratt*_____
                                       Jessica A. Pratt

                                       *Counsel for Plaintiff*
                                       *Energizer Brands, LLC*