**<u>Exhibit A</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

ENERGIZER BRANDS, LLC,

      Plaintiff, Counter-Defendant,

      vs.

DURACELL U.S. OPERATIONS, INC.

      Defendant, Counter-Plaintiff.

Civil Action No. 4:16-cv-00223-CEJ

### DURACELL'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES

Duracell U.S. Operations, Inc. ("Duracell"), by and through counsel and in accordance with Federal Rules of Civil Procedure 26 and 33, hereby submits the following Responses to Plaintiff's First Set of Interrogatories ("Requests").

Duracell's responses are made on behalf of Duracell alone and are based upon information presently known to it.   Duracell has only been in existence for just over three months.  Accordingly, Duracell may not have knowledge of certain historical facts regarding prior incarnations of Duracell's business.  Discovery and investigation into this matter may yield additional or different information affecting these responses.  Duracell reserves the right to amend and/or supplement its responses upon the discovery of additional or different information.

Duracell's responses shall not be construed as waiving, and Duracell expressly reserves: (a) any or all objections to confidentiality, relevancy, materiality, privilege and admissibility of evidence for any purpose; (b) the right to object to the use of any documents or information that may be provided, or the subject matter thereof, for any purpose and on any grounds; and (c) the right to object on any ground at any time to further discovery involving or relating to the subject matter of the Requests.

Duracell's statements that it will produce responsive documents located after a reasonable search is not a confirmation that responsive documents exits, but only that Duracell will produce such documents if they do exist and are located after a reasonable search.

### INTERROGATORIES

1.      Identify the Person(s) most knowledgeable about the Bunny Agreement, including Duracell's efforts to comply with its obligations under the Bunny Agreement.

**ANSWER**:     Duracell states that it is not aware of any person who is knowledgeable about the Bunny Agreement other than the fact that the Bunny Agreement exists.  Duracell further states that Ms. Tatiana Jouanneau has knowledge regarding Duracell's efforts to comply with its obligations under the Bunny Agreement.

2.      Identify the Person(s) most knowledgeable about Duracell Bunny Goods in the United States, including preventing distribution of Duracell Bunny Goods in the United States, and describe each such Person's responsibilities (including to the extent applicable, a description of the geographic areas for which each such Person is responsible).

**ANSWER**:     Duracell states that Mr. Scott Stewart has knowledge regarding alleged Duracell Bunny Goods in the United States and preventing distribution of Duracell Bunny Goods in the United States.  Mr. Stewart's responsibilities include development and delivery of packaging structures, approval of packaging documentation, and counterfeit product forensics.

3.      Identify the Person(s) most knowledgeable about anti-counterfeiting, tracking, monitoring, or other similar procedures, policies, or practices concerning Duracell Bunny Goods, and describe each such Person's responsibilities.

**ANSWER**:     Duracell states that Mr. Kris Buckner has knowledge regarding alleged Duracell Bunny Goods in the United States and preventing distribution of Duracell Bunny Goods in the United States.  Mr. Buckner's responsibilities include investigating counterfeit and diverted products.  Duracell further states that Mr. Robert Amiano has knowledge regarding alleged Duracell Bunny Goods in the United States and preventing distribution of Duracell Bunny Goods

- 2 -

in the United States.  Mr. Amiano's responsibilities include leading Duracell's initiative on

diverted products in North America.

4.      Identify the source(s), including manufacturer(s), importer(s), distributor(s), or
retailer(s), of Duracell Bunny Goods that at any time have been sold or offered for sale in the
United States, and identify each Person responsible for, or involved with, offering for sale or
selling such Duracell Bunny Goods, including a description of each such Person's
responsibilities.

**ANSWER**:    Duracell states that it will produce documents in response to this request pursuant

to Rule 33(d).

5.      Identify all stores or other retail locations (including online) and their geographic
locations (including city and state) of which Defendants are aware at which Duracell Bunny
Goods are or have been offered for sale in the United States within the last five years.

**ANSWER**:    Duracell states that it will produce documents in response to this request pursuant

to Rule 33(d).

6.      Identify the Person(s) most knowledgeable about the creation, preparation, and
development of product packaging for Duracell Bunny Goods, and describe each such Person's
responsibilities.

**ANSWER**:    Duracell objects to this Request to the extent it seeks information and documents

not relevant to any claim or defense in this case or otherwise not proportional to the needs of this

case.  Specifically, while the alleged presence in the United States of product packaging for

Duracell Bunny Goods is relevant to this case, the creation, preparation, and development of

such packaging is not.  Subject to the foregoing objection, Duracell states that Mr. Scott Stewart

has knowledge regarding the product packaging for Duracell Bunny Goods.  Mr. Stewart's

responsibilities include development and delivery of packaging structures, approval of packaging

documentation, and counterfeit product forensics.

7.      Identify all technology, software, and systems used by Defendants to track
DURACELL battery inventory in the supply network, including in connection with the Web
Order Management online system, Intelligent Daily Forecasting software, and the Consumer

Driven Supply Network operating strategy, and identify the Person(s) most knowledgeable concerning same.

**ANSWER**:   Duracell objects to this Request as overbroad, unduly burdensome, seeking

information and documents not relevant to any claim or defense in this case and otherwise not

proportional to the needs of this case.  Any software or systems Duracell uses to track inventory

that never enters the United States has no bearing on any claim or issue in this case.  Subject to

the foregoing objection, Duracell states that it uses an instance of SAP to track its battery

inventory and that Mr. Bruce Chisholm is most knowledgeable about this system.

8.     Identify the Person(s) most knowledgeable concerning the preparation and maintenance of financial records relating to each Defendant's revenue from and expenses associated with Duracell Bunny Goods, including in connection with manufacture, importation, distribution, and sale.

**ANSWER**:   Duracell objects to this Request as overbroad, unduly burdensome, seeking

information and documents not relevant to any claim or defense in this case and otherwise not

proportional to the needs of this case.  Specifically, revenues and expenses concerning sales of

Duracell Bunny Goods outside the United States have no bearing on any claim or defense in this

case.   Subject to the foregoing objection, Duracell states that it maintains no financial records

concerning sales of Duracell Bunny Goods in the United States.

9.     Identify each instance of which Defendants have actual or hearsay knowledge, directly or indirectly, of any incidents of actual confusion, including any Person(s) mistakenly believing that (a) Defendants' Duracell Bunny Goods are put out by Energizer or with the authorization, sponsorship or approval of Energizer; or (b) there exists an affiliation, connection, or association between Energizer and Defendants or any of their respective goods bearing a bunny design. For illustrative purposes only, and without limiting any of the foregoing, such instances would include the following: misassumptions as to source or origin; statements by any person indicating a possibility or likelihood of confusion; statements, suggestions, or inquiries by any person as to any licensing relationship or other connection between Energizer and Defendants or their respective goods; statements, suggestions, or inquiries by any person as to any sponsorship, approval, or licensing of Duracell Bunny Goods by Energizer; and complaints or comments suggesting or presupposing association or confusion.

**ANSWER**:     Duracell objects to this Request to the extent it seeks information and documents

not relevant to any claim or defense in this case or otherwise not proportional to the needs of this

case.   Specifically, for example, actual confusion occurring outside the United States has no

bearing on any claim or defense in this case.   Subject to the foregoing objection, Duracell states

that it is unaware of any incident of actual confusion regarding Duracell Bunny Goods and

Energizer in the United States.


Date: June 20, 2016                                             Respectfully submitted,

                                                                By:_____*/s/* Lee J. Eulgen_____

                                                                Lee J. Eulgen (*pro hac vice*)
                                                                Kevin C. May (*pro hac vice*)
                                                                Sarah E. Smith (*pro hac vice*)
                                                                Gregory J. Leighton (*pro hac vice*)
                                                                Andrew S. Fraker (*pro hac vice*)
                                                                NEAL GERBER & EISENBERG
                                                                2 N. LaSalle, 17th Floor
                                                                Chicago, IL 60602
                                                                P: (312) 269-8000
                                                                leulgen@ngelaw.com
                                                                kmay@ngelaw.com
                                                                ssmith@ngelaw.com
                                                                gleighton@ngelaw.com
                                                                afraker@ngelaw.com

                                                                Michael Annis, #47374MO
                                                                HUSCH BLACKWELL LLP
                                                                190 Carondelet Plaza, Suite 600
                                                                St. Louis, MO  63105
                                                                P: (314) 480-1500
                                                                Mike.Annis@huschblackwell.com

                                                                *Attorneys for Defendant, Counter-Plaintiff Duracell*
                                                                *U.S. Operations, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of June, 2016 a copy of the

foregoing document was served upon counsel of record via electronic mail delivery.


_/s/_ Kevin C. May

## VERIFICATION

I, Scott Stewart declare under penalty of perjury that I am the duly authorized agent of Duracell U.S. Operations, Inc., for purposes of making this Verification, that I have read the foregoing interrogatory responses, and that the statements contained therein are true and correct to the best of my knowledge, information and belief.

_____
Scott Stewart

Executed on June __, 2016

028467.6000:24935769.1